(57 App. Div. 122.)

### GORR v. VILLAGE OF PORT JERVIS.

(Supreme Court, Appellate Division, Second Department. January 11, 1901.)

1. MUNICIPALITIES—OFFICERS—EXECUTING PROCESS—COMPENSATION.

Port Jervis Charter, § 36, provides that police constables shall execute all process issued by the police justice; and section 37 prohibits them from receiving fees, but declares that they shall be paid a salary, to be fixed by the trustees. Section 100 prohibits any officer to assent to incurring any liability by the village contrary to the charter, or any such liability to be paid from the property of the village. Village Law (Laws 1897, c. 414) § 314, makes a village not liable on a contract made by an officer or a board on behalf of the village unless it is authorized by law. *Held*, that the village trustees had no authority to engage the town constable of Deer Park to execute process of the police justice, and hence he could not recover against the village for such services.

2. SAME—SPECIAL POLICEMAN.

Such constable was not made a special policeman by the action of the trustees engaging him, under Port Jervis Charter, § 39, authorizing the appointment of special police, who shall take the oath of office, and discharge the duties of police constables, and receive such compensation, etc., there being no evidence that he ever claimed to be a special police-

man, or took the oath prescribed; section 35 also prohibiting a constable of the town of Deer Park from being appointed a police constable of the village of Port Jervis.

Submission of controversy between Phillip Gorr and the village of Port Jervis. Judgment for defendant.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCH-BERG, and JENKS, JJ.

Alfred Marvin, for plaintiff.
R. Ed. Schofield, for defendant.

JENKS, J. The facts are agreed upon. Plaintiff was a constable of the town of Deer Park, in the county of Orange. The defendant is a municipal corporation chartered as a village under chapter 529 of the Laws of 1896, entitled "An act to revise, amend and consolidate the several acts relating to the village of Port Jervis, and to repeal certain acts and parts of acts." Between June 25, 1897, and October 31, 1897, plaintiff, at the request of, and in pursuance of writs, commitments, warrants, and other processes delivered to him by, Joseph V. McCormick, as police justice of the village, performed certain services and made certain disbursements in criminal actions pending in and arising out of the court of said police justice. On May 3, 1897, the board of trustees of the defendant passed this resolution:

"The matter of the bills rendered the village by the police constables for carrying and transportation was brought before the board by the corporation attorney. After some discussion, it was moved by Trustee Wood, seconded by Trustee Purtell, that all commitments issued by the police justice be placed in the hands of town constables."

The decision of this controversy does not turn upon the question whether the plaintiff had the power, under the Criminal Code, to execute these processes, but whether he is entitled to be paid therefor from the village funds. The claim of the plaintiff is based upon his employment by the police justice under authority of the foregoing resolution. Section 2 of the charter provides for a police justice of the village, whose jurisdiction is prescribed by section 10. Section 2 provides for one or more police constables, as the trustees shall determine. Section 36 provides that the police constables shall possess the same powers and perform the same duties within said village, and be subject to the same liabilities, as town constables in the town of Deer Park, and that they "shall execute all civil process, and criminal, issued by the police justice," and such police justice shall deliver all such processes to the police constables, or one of them, to be executed. Section 37 prohibits the receipt of fees by the police constables, and provides in lieu thereof a salary, to be fixed by the trustees, not to exceed $1,000 per annum. I find no express authority vested in the board of trustees or in the police justice to employ this plaintiff to execute the processes in question. On the contrary, here is a plain direction of the village charter that such processes shall be served by the salaried village officer known as the police constable, and that the processes shall be delivered to this officer for that purpose. "Process" is generic, and is applicable to

the various orders or papers served by the plaintiff. People v. Nevins, 1 Hill, 154, 169. While it is undoubtedly true that a municipal corporation has implied powers, these powers must .be necessarily incident or essential to some express power. What incidental or express power can be spelt out of the administration of law by the village police justice to employ an outsider to serve criminal process when the organic law of the village prescribes that he shall deliver them to the village police constables, and that they shall execute them? Section 100 of the charter expressly provided that no officer of the village should have power to assent to incurring any debt or liability on the part of the village contrary to the provisions of the charter, nor shall any such debt or liability be paid from the money or property of the village. Section 99 provides that the village shall not incur any debt or liability beyond the amount of taxes applicable to the payment of such debts or liabilities which shall have been voted to be raised in such village according to law. The village law (chapter 414, Laws 1897), which is, I think, applicable (see section 340 thereof), provides by section 314: "A village is not liable upon a contract made by an officer or a board in the name or on behalf of the village unless it is authorized by law." The plaintiff could contract with the village only through its agents who were duly authorized, and he was bound to know their limitations. Donovan v. Mayor, etc., 33 N. Y. 291, 293; Lyddy v. Long Island City, 104 N. Y. 218, 10 N. E. 155.

The plaintiff further contends that the resolution in question ex vi termini made the plaintiff a special policeman by virtue of section 39 of the village charter, which reads:

"The president of the village shall have power, whenever the public interests shall require, to appoint special police, who shall hold their office, by virtue of such appointment, for such period as the president or board of trustees shall direct. Such special police shall forthwith take the oath of office, and shall, thereupon, become invested with all the powers and shall discharge all the duties of police constables under this act and in pursuance with the statutes, as they may be directed by the president or other competent authority. The number of special police which may at any time be appointed shall be determined by the board of trustees; and such special police may receive such compensation as shall be fixed by said board of trustees, not exceeding three dollars per day."

The resolution reads that certain processes should be placed in the hands of town constables, and, therefore, the contention must be that the placing of a process in the hands of a town constable made him a special policeman of the village. There is not the slightest evidence that the plaintiff ever claimed to be such officer, or ever qualified by taking the oath of office prescribed. The contention is hardly worth further consideration. But it may be pointed out that such special policeman is invested with the powers and discharges the duties of a police constable (section 39); that the distinction is but in name, and in the temporary character of the appointment; and that section 35 of the charter provides that no police constable shall be appointed who is a constable of the town of Deer Park. Now, the plaintiff was at all times a constable of that town.

Judgment for the defendant on submitted case, without costs. All concur.