(139 App. Div. 551.)

PEOPLE ex rel. SPRINGS et al. v. REID.

(Supreme Court, Appellate Division, First Department. July 7, 1910.)

1. WITNESSES (§ 21*)—DISOBEDIENCE OF SUBPŒNA—CONTEMPT—"CALCULATED."

A witness failing, without reasonable excuse, to attend in obedience to a subpœna, is guilty of contempt, and punishable by fine not exceeding $250, together with the costs and expenses of the contempt proceeding, though the act was not willful, so as to be punishable as a criminal contempt, and did not injure the party for whom he was summoned, he having been successful, but was only "calculated" to injure him; this being the clear intent of 2 Rev. St. (1st Ed.) pt. 3, c. 7, tit. 3, § 43, and chapter 8, tit. 13, §§ 20–22, and the change in phraseology when these provisions were enacted into Code Civ. Proc. §§ 14, 2266, 2281, 2284, now Judiciary Law (Consol. Laws, c. 30) §§ 753, 754, 770, 773, not showing an intention to change the substance of the law.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 37–41; Dec. Dig. § 21.*

For other definitions, see Words and Phrases, vol. 1, pp. 942, 943.]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. WITNESSES (§ 21*)—DISOBEDIENCE OF SUBPŒNA—CONTEMPT—REASONABLE EXCUSE.

It is not reasonable excuse, which will save one from punishment for contempt for disobedience of a subpœna, that his counsel advised him it was not properly served and was a nullity.

[Ed. Note.—For other cases, see Witnesses, Dec. Dig. § 21.*]

Appeal from Special Term, New York County.

Contempt proceedings by the People, on the relation of Richard A. Springs and others, against Fergus Reid. From an order denying their motion to punish respondent for contempt on account of his failure to obey a subpœna, relators appeal. Modified and affirmed.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

John R. Abney, for appellants.

John W. Boothby (Ernest E. Baldwin, on the brief), for respondent.

LAUGHLIN, J. It appears by the order from which the appeal was taken that the court found that the respondent was duly subpœnaed at Delmonico's downtown restaurant in the borough of Manhattan on the 20th day of March, 1909, to attend Trial Term, Part 14, of the Supreme Court, at the county courthouse in the county of New York, on the 23d day of March, 1909, as a witness for the defendants in an action then pending trial in said court wherein one Simpson was plaintiff and the relators were defendants; that he failed to appear pursuant to the command of the subpœna; that he was a material witness on the issues to be tried in said action; and that his failure to obey said subpœna was calculated to defeat, impair, impede, or prejudice the rights or remedies of the relators as defendants in said action; but that it did not in fact defeat, impair, impede, or prejudice their rights for the reason that they succeeded in the action.

On this adjudication, the learned court was not at liberty to fine the respondent with a view to compensating the relators for actual damages sustained by the failure of the witness to obey the subpœna, for no actual damages were shown; but the court should have adjudged the respondent guilty of contempt, and should have fined him the costs of the special proceeding to punish him for contempt, and a further sum, within the limitation prescribed by law, sufficient to compel respect for the dignity of the court and to serve as a lesson to the respondent and a warning to all others duly summoned as witnesses not to be remiss in their duty to obey the command of the subpœna. If witnesses are to escape punishment for contempt of court merely because the party in whose favor they were summoned happens to succeed in the action, then our courts of justice, suitors, juries, and witnesses will be delayed, and litigants will be deprived in many instances of material evidence essential to sustain their claims. If it were to be declared to be the law that the only risk a witness takes in disobeying a subpœna is the possibility that the party in whose favor he is subpœnaed may be able to show that his act was willful and constituted a criminal contempt of court (section 8, Code Civ. Proc., now section

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

750, Judiciary Law [Consol. Laws, c. 30]), or that he has sustained actual damages resulting from the failure of the witness to attend court in obedience to the subpœna, then a large part of the time of attorneys will be occupied in drawing attachment papers, and the time of the courts and juries will be wasted awaiting the production of witnesses by the sheriff.

Such, however, is not the law in this state. By section 43, tit. 3, c. 7, pt. 3, of the Revised Statutes (2 Rev. St. 400), it was expressly declared that every person who should fail to attend court pursuant to the command of a subpœna duly issued and served upon him "without a reasonable excuse, shall be deemed guilty of a contempt of the court out of which such subpœna issued," and should be responsible to the aggrieved party for all damages sustained thereby, and should forfeit to him $50 in addition to the actual damages, and by section 20, tit. 13, c. 8, pt. 3, of the Revised Statutes (2 Rev. St. 538), it was provided that if the court on contempt proceedings should adjudge the witness "guilty of the misconduct alleged," and that it "was calculated to, or actually did defeat, impair, impede or prejudice the rights or remedies of any party," the court should proceed to impose a fine or to imprison him, or both, as the nature of the case required. Section 21, tit. 13, c. 8, pt. 3, of the Revised Statutes (2 Rev. St. 538), provided that if actual loss or injury should be shown, a fine should be imposed sufficient to indemnify the party and to cover the costs and expenses, and section 22, tit. 13, c. 8, pt. 3, of the Revised Statutes (2 Rev. St. 538), provided as follows:

"In all other cases the fine shall not exceed two hundred and fifty dollars, over and above costs and expenses of the proceedings."

It is as clear as the English language can make it, from these provisions, that it was intended by the Legislature that the mere failure of a witness without reasonable excuse to attend in obedience to a subpœna should be deemed a contempt of court, even though the act was not willful, and therefore could not be punished as a criminal contempt, and that in the absence of proof of actual damages the court was authorized to impose a fine not exceeding $250, together with the costs and expenses of the special proceeding. We find a change in the phraseology in some respects when these provisions of the Revised Statutes were enacted in the Code of Civil Procedure; but they are not such as to show an intention to change the substance of the law. Section 14 of the Code of Civil Procedure, now section 753, Judiciary Law, which related to "Contempts Punishable Civilly," provided, so far as material to the question now under consideration, that a court of record has power to punish by fine and imprisonment, or either, a neglect or failure of duty or other misconduct by which "a right or remedy of a party to a civil action or special proceeding, pending in the court may be defeated, impaired, impeded, or prejudiced, on either of the following cases: * * * A person subpœnaed as a witness, for refusing or neglecting to obey the subpœna, or to attend, or to be sworn, or to answer as a witness." Section 2266 of the Code of Civil Procedure, now section 754, Judiciary Law, provided, among other things, that an offense specified in section 14 must be punished as pre-

scribed in title 3, c. 17, of the Code of Civil Procedure, which was the title in which said section 2266 was contained. Section 2281 of the Code of Civil Procedure, now section 770, Judiciary Law, provided that if it be determined that the accused has committed the offense charged, "and that it was calculated to, or actually did, defeat, impair, impede or prejudice the rights or remedies of a party to an action or special proceeding, brought in the court, or before the judge or referee; the court, judge or referee must make a final order accordingly, and directing that he be punished by fine or imprisonment, or both, as the nature of the case requires." Section 2234 of the Code of Civil Procedure, now section 773, Judiciary Law, provided that if an actual loss or injury be shown to have been caused by the misconduct, and it is not specially prescribed by law that an action may be maintained to recover damages therefor, "a fine sufficient to indemnify the aggrieved party must be imposed upon the offender, and collected and paid over to the aggrieved party, under the direction of the court." That section further provided as follows:

"Where it is not shown that such an actual loss or injury has been produced, a fine must be imposed, not exceeding the amount of the complainant's costs and expenses, and two hundred and fifty dollars in addition thereto, and must be collected and paid; in like manner."

It seems quite clear that the Legislature had in mind two classes of cases, the one in which the failure of the witness to appear might defeat, impair, impede, or prejudice a right of the party, and the other in which such failure actually did defeat, impair, impede, or prejudice such right, and in both cases it was contemplated that the failure of the witness to appear should be deemed a contempt of court, as it had been previously expressly declared; but in the absence of proof that such failure did actually defeat, impair, impede, or prejudice the right of the party, and of the amount of the loss or injury, the court was to be limited to imposing a fine of $250 and the costs and expenses of the special proceeding.

The memorandum opinion of the learned justice who presided at Special Term indicates that he would have adjudged the respondent guilty of contempt were it not for a dictum in Socialistic Co-op. Pub. Ass'n v. Kuhn (No. 2) 51 App. Div. 583, 64 N. Y. Supp. 933, based on authorities cited, to the effect that proof of actual loss by the aggrieved party is essential to warrant an adjudication of contempt, which correctly states the rule with respect to an adjudication by which a fine of more than $250 and the costs and expenses of the proceeding is imposed, but is not a correct statement of the law applicable to other cases. It must, of course, in all cases be shown and adjudged that the misconduct or violation of duty was such that it might have defeated, impaired, impeded, or prejudiced a right or remedy of a party, and that it either was calculated to or in fact did do so. When this is shown and duly determined by the court, there is a basis for a fine to the extent of $250, and the costs of the special proceeding. The plain language of the statute must be given effect notwithstanding the fact that many judges in discussing contempts in general or on facts quite different from those now before the court

have expressed the opinion that actual damages must be shown in every case.

The material facts having been adjudicated adversely to the respondent, we deem it unnecessary to remit the case to the Special Term, and will modify the order by inserting an adjudication that the respondent is guilty of contempt of court, and by imposing a proper fine. The only excuse offered by the respondent for his failure to obey the subpœna is that he claims that the original subpœna was not exhibited to him, and that he took the subpœna to his personal counsel for advice as to whether or not the subpœna was good, and that he was advised that it was a nullity, and that, as he had an important engagement in Chicago for the day on which he was commanded by the subpœna to be in court, believing that the service was not good, and that the subpœna was a nullity, he departed from the jurisdiction of the court without intending any disrespect for the court. He does not, however, produce the affidavit of his counsel to corroborate his claim that such advice was given. It appears that the respondent was a member of the board of managers of the New York Cotton Exchange, and he was subpœnaed to prove the rules of the Exchange. He was a man of affairs, and his failure to obey the subpœna was neither owing to ignorance of his duty, nor was it inadvertent or unavoidable. It is, of course, possible, but it is not probable, that a member of the bar would take the responsibility of thus advising a witness to ignore a subpœna. The respondent should have known, and doubtless knew, that it was for the court, and not for his counsel, to decide whether or not the subpœna was properly served or was valid, and that such decision could not be made on the facts as they appeared to him unless they were presented to the court. In taking the advice of counsel, if he was advised as he states, and, departing from the jurisdiction of the court, he took the responsibility of an adverse decision by the court, and although he may have intended no willful disregard of the process of the court, yet the due and prompt administration of justice requires that he should be punished.

The order is therefore modified by striking out the provisions thereof denying the motion to punish the respondent for contempt and discharging him from the custody of his counsel, and by inserting a provision adjudging him guilty of contempt of court and fining him the sum of $250, together with $10 costs and disbursements on the appeal herein and $10 costs of the motion, and directing that a warrant of commitment issue according to law on his failure to pay the same forthwith; and, as so modified, the order is affirmed. All concur.