THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* HAROLD W. CARVER, Defendant.

County Court, Kings County, December 23, 1939.

*William F. X. Geoghan, District Attorney [Edward H. Levine of counsel], for the plaintiff.*

*Hirson & Bertini [Max L. Rothenberg of counsel], for the defendant.*

BRANCATO, J.   The above-named defendant, a bookkeeper for the Mill Basin Asphalt Company and two other domestic corporations, was indicted by the November grand jury of Kings county on two counts, each charging forgery in the third degree, in that he willfully made false entries in certain books of account belonging to the said corporations in order to defraud the New York State Insurance Fund.   The forged books and other papers which were in evidence before the grand jury were received by the district attorney from Bernard Botein, as general counsel for the Industrial Commissioner, and are now in possession of the said district attorney.

It seems that some time in August, 1939, Bernard Botein, as general counsel to the Industrial Commissioner, in the course of his official duties, obtained possession by a subpœna *duces tecum*, as it is claimed, of many of the books of account, papers, canceled vouchers and other documents belonging to the aforesaid corporations and that an examination of some of these various documents by his accountants disclosed what is alleged to constitute the two

forgeries charged against the defendant for which he is now under indictment. Thereafter the said corporations successfully moved in the Supreme Court of New York county and obtained an order directing the said general counsel to return to them the books of account, documents and other papers of the corporations which were in his possession. The order of the Supreme Court was entered December 8, 1939, and the decision of Mr. Justice STEUER, who granted the motion, states as follows: " Motion is granted. Respondent is directed to return the books in question within two days after the service of a copy of the order to be entered herein. The power of subpœna gives no right to preserve evidence for possible use in another proceeding. Should the district attorney desire these records to be preserved he may apply to the court for appropriate relief." The district attorney of Kings county now moves to " impound " the books, records, accounts, canceled vouchers, etc., in the possession of Bernard Botein, general counsel to the State Insurance Fund, for the purpose of prosecuting the above-named defendant. The general counsel of the State Insurance Fund joins the prosecutor in this motion, which must be denied.

It is not claimed that the books and papers herein sought by the district attorney are those which constitute the corpus of the crime charged in the indictment now in his possession. His retention thereof will not be disturbed. The documents claimed have not been physically in the possession of the district attorney, were not submitted to the grand jury for their deliberation when indicting the defendant, were never before this court, and are in the possession of the general counsel to the Insurance Fund. The district attorney wants these documents because, he opines, they contain evidence of the crime charged against the defendant.

Whether the documents in question originally came into Mr. Botein's possession by due process of law or whether they were obtained by him from the corporations in violation of law so as to vitiate now his further retention thereof and to entitle the corporations to their immediate return, is not within the purview of this motion. As between Mr. Botein, as general counsel to the State Insurance Fund, and the corporations herein involved, the right of possession to the books and other documents in question was adjudicated by Mr. Justice STEUER, and we are, therefore, bound by his order. The Supreme Court, having directed that the corporations be immediately repossessed of said documents, any further retention thereof by the general counsel must be deemed illegal.

The claim made by the district attorney to the possession of these documents is no better than that of the general counsel to the Insurance Fund. He ingenuously argues that there is an existing agreement or working arrangement between himself and the said general counsel whereby the latter, in all cases of fraud uncovered by his office which warrant criminal prosecution, the district attorney would permit him to retain the physical possession of the evidence disclosed as custodian thereof and as agent of the prosecutor. Not having been named as a party in the proceedings in the New York Supreme Court, the district attorney concludes that he is, therefore, free to seek the relief herein demanded.

Be that as it may, the fact still remains that this issue of comity was strongly though unsuccessfully urged by the general counsel in his opposition to the motion of the corporations decided in the Supreme Court. The decision of Mr. Justice STEUER so indicates. If the general counsel is a duly accredited agent of the district attorney, as claimed, it would seem to be an idle gesture for this court to direct a willing agent to do something which he is anxious to perform. But, if the agent is estopped or restrained in its performance because of an order of the Supreme Court, what relief can this court afford either of them while that order is extant?

The district attorney, in his memorandum of law submitted on this motion, reminds us that we should not be concerned with the niceties of distinction but rather with the fundamental problem which entails law enforcement. " The courts are loathe," he adds, " to interfere with the power of the prosecutor and lend a helping and co-operative hand whenever that power is threatened."

We are not unmindful of the duty imposed by public policy to co-operate with all public officials intrusted with the administration of the criminal law rather than to deter these agencies in the exercise of their official functions whenever the use of our discretion alone is the determining factor involved. But we also recall what Judge CARDOZO stated in the case of *People ex rel. Lemon* v. *Supreme Court* (245 N. Y. 24), from which the district attorney quotes so copiously in his memorandum. " The power [of the court] frequently asserted to compel the return of property illegally impounded is based on the assumption of supervisory jurisdiction over the acts of public prosecutors." Comity or working arrangements between public officials do not transcend the mandate of the Supreme Court nor the rights of third parties, notwithstanding that such rights " are not as sacred as those of a defendant," as the district attorney argues in his memorandum.

The motion before us is not one made by the owners of the books in question demanding their return. As above stated, such motion was successfully decided in their favor by Mr. Justice STEUER. Neither the return of the said books nor the retention thereof is herein the issue. The district attorney is now moving to be authorized by this court to seize the said books from Mr. Botein, who was directed to return them to the corporations owning them. The district attorney very frankly characterizes this motion as a " novel one," and indeed, it is novel, since the seizure of property by a prosecutor intended for use as evidence in a criminal prosecution is otherwise regulated than by the procedure herein adopted.

A seizure of property to be used by the district attorney as evidence in a criminal prosecution is justifiable if effected from the person of the accused at the time of his arrest or if such seizure is incidental to a legal arrest. (*People* v. *Defore*, 242 N. Y. 13; *People* v. *Chiagles*, 237 id. 193.) A seizure of property may also be effectuated through the medium of a search warrant, which is an order of the court to search for and seize property stolen or embezzled; or used in the commission of a felony; or intended for the commission of a public offense or in the possession of one to whom it may have been delivered for the purpose of concealing it or preventing its discovery. The procedure necessary for the issuance of a search warrant is also prescribed by statute, and no search warrant may issue except for the causes and in the manner stated. (Code Crim. Proc. §§ 791–796; *People ex rel. Simpson Co.* v. *Kempner*, 208 N. Y. 16.) An order of this court, therefore, purporting to authorize a district attorney to seize property consisting of books, papers and other documents belonging to third parties because they contain evidence of crime and without compliance with the statutory regulations prescribed, would be tantamount to circumventing the provisions of the statute (*supra*) by reading into it added provisions not only affecting the subject-matter of the search warrant but nullifying as well the procedure now prescribed for its issuance.

But documentary evidence of crime held by parties other than a defendant and whose seizure is not incidental to lawful arrest or authorized by section 792 of the Code of Criminal Procedure, is obtainable by the district attorney through the agency of the subpoena *duces tecum*. (Code Crim. Proc. § 607 *et seq.*) The statute accentuates the efficacy of this agency by providing that disobedience to its mandate may be punished as a criminal contempt. True the courts have inherent power, not infrequently exercised, to order the return of property illegally seized or illegally retained by prosecuting officials, but we know of no authority,

and to none have we been referred, which holds that the power of the court should be substituted to usurp or supersede the functions of a subpœna *duces tecum* or of the search warrant. " The court has inherent power to order the return to the owner of books, papers or other articles illegally seized or detained by a magistrate or other public officer charged with the administration of the criminal law. (*People* v. *Kinney,* 185 N. Y. Supp. 645; *United States* v. *Mills,* 185 Fed. 318; *United States* v. *Kraus,* 270 id. 578; *Weeks* v. *United States,* 232 U. S. 383, 398; *Newberry* v. *Carpenter,* 107 Mich. 567.) " (*Matter of Both,* 200 App. Div. 423.) " The district attorney of a county is empowered to issue a subpœna such as was issued in this case. (Code Crim. Proc. §§ 609, 613.) There is no other provision of law which enables him to compel the attendance of witnesses or the production of books and papers before the grand jury." (*People ex rel. Drake* v. *Andrews,* 134 App. Div. 32; revd., 197 N. Y. 53.) " To sanction the seizure of the property of innocent persons, or of persons not accused, not used in the commission of the crime, but merely because they contained evidence of the crime, would open the door to grave abuses of invasion of property right." (*Commodity Mfg. Co.* v. *Moore,* 198 N. Y. Supp. 45; *People* v. *Manko,* 189 id. 357; affd., 203 App. Div. 893.)

Motion denied. Submit order accordingly on two days' notice of settlement.