Marcus G. Christ, J.
This is a motion to punish the defendants Salvatore Guarisco and Tony Formichelli for contempt of court. By an order of this court made and entered herein on August 25, 1955 these defendants and others were restrained, pending the trial and determination of this action, from engaging in certain activities with respect to plaintiff’s Hicksville Farmers Market and Amityville Farmers Market. Among the types of activity enjoined were the following:
*249 “(7) From using, entering upon, occupying or otherwise remaining upon the premises of the Hicksville Farmers Market or the Amityville Farmers Market, except for the purpose of engaging in the ordinary retail sales business activities of the said defendants in which the defendants have been licensed by the plaintiff to engage.
‘ ‘ and it is further ordered that the defendants, tony FORMICHELLI and SALVATORE GUARISCO, also known as SAL BAKER, be and each of them hereby is enjoined and restrained from entering upon the premises of the Hicksville Farmers Market or the Amityville Farmers Market.”
The court considers it appropriate to review the events which have led up to the present application. The defendants in this action with the exception of Guarisco and Formichelli were, at the time the action was commenced, merchants who occupied space as licensees or concessionaires in the two “ farmers markets ” owned by the plaintiff. For the privilege of doing business in such farmers markets the defendant merchants or concessionaires paid the plaintiff certain fees in the nature of rent. The defendants, including Guarisco and Formichelli, formed an organization known as the Sunrise Highway Chamber of Commerce. There ensued two so-called ££ merchants’ strikes ” in June, 1955 and August 23, 1955 during which the member merchants withheld payment of fees or rent due the plaintiff. Other merchants were induced to withhold payment as well. The places of business of merchants were closed during these £ £ merchants ’ strikes ’ ’ and customers were told that the market was on strike. The purpose of this activity by the merchants’ organization was to compel plaintiff to negotiate on demands in respect of fees charged, locations assigned to merchants and the amount of advertising done by the plaintiff for the merchants. The plaintiff brought this action to restrain the defendants’ activities and he applied for a temporary injunction. Nothing in this action or in the application for injunctive relief was concerned in any way with labor union activities. The activities complained of by the plaintiff were those of a merchants’ organization and plaintiff’s theory of an actionable claim was that the activities of this merchants’ group involved a violation of section 340 of the General Business Law.
Upon the return of the order to show cause on the motion for a temporary injunction, all the defendants, including Guarisco and Formichelli, failed to appear. Thereafter the court granted its order entered August 25, 1955 containing various injunctive provisions including those quoted earlier in this memorandum.
*250 All of the defendants, except A1 Cohen, interposed answers in this action. The answer of the defendants, other than G-uarisco and Formiehelli, allege that the acts complained of were engaged in by them as a merchants’ organization and as a protest against plaintiff’s conduct to which they objected. Guarisco and Formichelli appeared by different counsel and alleged that the same activities were engaged in by them on behalf of the labor union they had organized and was an effort to solicit new members.
Plaintiff moved to strike the answers of the defendants. The answer of the defendants, other than Guarisco and Formiehelli, were withdrawn and an order to that effect was made dated November 16, 1955. After the entry of that order, the only defendants remaining in the action with an answer interposed to the complaint were Guarisco and Formiehelli.
These last-mentioned defendants moved in October, 1955 to open their default and to vacate and dissolve the temporary injunction order as against them. The basis for that application was that at the time the various acts complained of occurred they, Guarisco and Formiehelli, were engaged in soliciting membership in their union among employees of the merchants in plaintiff’s markets and consequently their activities could not be enjoined because engaged in for legitimate labor union purposes. The plaintiff opposed that motion upon the ground that it was sham and by a decision dated December 15, 1955 this court denied the motion.
That decision emphasized what has been repeated here, namely, that the injunction order sought to be opened was not directed against any labor union activities; that no such activities were before the court; no restraint upon union activities was contemplated; and the individuals were not restrained because of any labor activities even though they had defaulted.
Upon the settlement of the order denying such motion, the defendants, G-uarisco and Formiehelli, sought to have incorporated in the order various provisions which, in effect, would have been an interpretation of the order granting the temporary injunction so as to indicate that Guarisco and Formiehelli were not restrained from engaging in labor union activities. This the court declined to do.
It now appears and is not denied that Guarisco and Formichelli entered the premises of the Amityville Farmers Market in January, 1956. Plaintiff has obtained an order to show cause to punish them for contempt of court. A preliminary question as to proper service of the moving papers on Guarisco has been resolved by his waiver in open court of the objection to the manner of service and Ms consent that the application may be *251 entertained and determined as to him as if no question concerning service had been raised.
Although Guarisco has not interposed an affidavit of his own, he was represented on the argument by the attorney who represents his codefendant Formichelli and the same grounds for opposing this motion urged by Formichelli in his opposing affidavit are relied upon by the defendant Guarisco.
In his opposing affidavit, Formichelli asserts that he entered the premises “ for the sole purpose of trying to get employees working there to join ” the union (Farmers Market Employees Union, Local 433-a E. O. I. A.) of which he claims to be an organizer. He claims that the attorney for his union had given an opinion that if he engaged in activities devoted solely to legitimate union action, he would not be violating the temporary injunction order. He states further that his “ sole interest is in organizing employees who work for the various merchants who use Mr. Spohrer’s markets and not the various employers who rent the space in the said markets
Disobedience of a court order is not rendered excusable because it is done on the advice of counsel (cf. Matter of Cost [Benetos], 198 Misc. 782, affd. 277 App. Div. 1049, affd. 304 N. Y. 800). In the light of the court’s refusal to adopt a form of order proposed by these defendants when the motion to vacate the injunction was denied, the claim of reliance on counsel’s advice is difficult to accept. Moreover, there is some basis for believing that Formichelli is less than candid in asserting his entry on the premises was for the sole purpose of organizing employees of the merchants. The sworn statement of one of the merchants which is not denied by either defendant is that Guarisco told him that merchants having no employees could join the union and have what Guarisco called a “B” membership.
Guarisco and Formichelli predicate their resistance to this motion squarely on the proposition that if they were on the premises to solicit employees of the merchants to join their union, the injunction did not bar their presence. This position is of very questionable validity. It is to be remembered that Guarisco and Formichelli were not seeking to organize employees of the plaintiff. They point to no authority which sustains their right to enter upon plaintiff’s premises and to there conduct organizational activity of employees of merchants who, in effect, rent space from the plaintiff. Indeed, authority points in the other direction. It has been held in the case of a department store that an employer may keep union organizers who are not employees out of the store and may restrict solicitation *252 by union employees to areas not open to the public (Marshall Field & Co. v. National Labor Relations Bd., 200 F. 2d 375). That there may be a significant difference between organizational activity engaged in by union employees on the employer’s premises and similar activities engaged in by outside organizers has been judicially noted in Republic Aviation Corp. v. National Labor Relations Bd. (142 F. 2d 193, 195, affd. 324 U. S. 793): “ Whether a union representative shall be allowed to board a vessel, or enter a plant, merely to electioneer or to collect dues, is one thing; whether an employee, already lawfully in the plant, shall be forbidden during his lunch hour to try to persuade his fellows to join the union, is another.” In the present case if Guarisco and Formichelli had been trying to persuade employees of the plaintiff to join the union, it is most doubtful that they could have sustained their right to be on plaintiff’s property without his consent. When they seek to organize employees of the merchants or the concessionaires their position is, if anything, more untenable. The fact is that both defendants admittedly entered the premises for an alleged purpose which finds no legal basis to sustain such entry and, in addition, did so in clear violation of the court’s order. For this they must be adjudged in contempt of court. They are each fined the sum of $50 and directed to pay such amount within 30 days after service of a copy of the order hereon with notice of entry.
Submit order.