■ In the Matter of M. ANONYMOUS, Petitioner, against GEORGE A. ARKWRIGHT, as Justice of the Supreme Court of the State of New York, Respondent.— By an order of this court dated January 21, 1957, as amended by a subsequent order dated February 11, 1957, a judicial inquiry and investigation was directed with respect to the improper practices and abuses by attorneys in Kings County and by persons acting in concert with them, as alleged in the petition of the Brooklyn Bar Association. In part, the order directed inquiry with respect to practices "involving professional misconduct, fraud, deceit, corruption, crime and misdemeanor, by attorneys and by others acting in concert with them" and with "respect to any and all conduct prejudicial to the administration of justice by attorneys and others acting in concert with them". The order appointed an additional Special Term of the Supreme Court to conduct the inquiry and investigation and provided that the inquiry and investigation shall be conducted by a named Justice of the Supreme Court, "with full power to compel the attendance of witnesses, their testimony under oath and the production of all relevant books, papers and records". An attorney nominated by the Brooklyn Bar Association was designated to aid the said Justice in the conduct of the inquiry and in the prosecution of said investigation. The order also provided that "for the purpose of protecting the reputation of innocent persons, the said inquiry and investigation shall be conducted in private, pursuant to the provisions of the Judiciary Law (Section

90, subdivision 10); that all the facts, testimony and information adduced, and all papers relating to this inquiry and investigation, except this order, shall be sealed and be deemed confidential; and that none of such facts, testimony and information and none of the papers and proceedings herein, except this order, shall be made public or otherwise divulged until the further order of this court " and " that upon the conclusion of said inquiry and investigation the said Justice shall make and file with this court his report setting forth his proceedings, his findings and his recommendations." On or about July 19, 1957 petitioner submitted to this court his resignation as an attorney and counsellor-at-law, but no order has been entered upon his purported resignation. Pursuant to subpœna, petitioner attended at the additional Special Term, was sworn and refused to answer certain questions. By this proceeding pursuant to article 78 of the Civil Practice Act, petitioner seeks to review the order of the additional Special Term adjudging him guilty of contempt and fining him $250. No issue is raised as to whether the review of the contempt order by an article 78 proceeding is proper. Determination unanimously confirmed, without costs. The fine provided for in the order is to be paid within 30 days from the entry of the order hereon. Petitioner challenges the power and jurisdiction of the Appellate Division to make the order, and the power and jurisdiction of the additional Special Term to conduct the investigation as to him, as he had resigned from the Bar. He did not refuse to answer on the ground that his answers might tend to incriminate him. He reserved his alleged constitutional rights to refuse to answer questions (N. Y. Const., art. I, §§ 6, 12; U. S. Const., 4th, 5th Amdts.) and based his refusal to answer on the ground that the additional Special Term excluded his attorney while he was being questioned. It was within the power and jurisdiction of this court to make the order directing the inquiry and investigation (N. Y. Const., art. VI, § 2; Judiciary Law, §§ 86, 90; *Matter of Bar Assn. of City of N. Y.,* 222 App. Div. 580; *Matter of Brooklyn Bar Assn.,* 223 App. Div. 149; *People ex rel. Karlin* v. *Culkin,* 248 N. Y. 465), and petitioner was required to answer questions as to his conduct as an attorney, subject to his right to refuse to answer such questions if his answers would expose him to punishment for crime. In its discretion the additional Special Term might have permitted petitioner's attorney to be present while petitioner was being questioned, since it is clear that he was not merely a witness as to improper conduct of others but was himself a subject of the inquiry as to his own alleged acts of professional misconduct. But the result of the inquiry and investigation as to petitioner would be merely a report and recommendation as to future action, and would not be a final determination as to him. It was not an abuse of discretion for the additional Special Term to exclude petitioner's attorney from the room while petitioner was being questioned, nor was it a violation of his constitutional rights (*People ex rel. McDonald* v. *Keeler,* 99 N. Y. 463; *Matter of Groban,* 352 U. S. 330; Judiciary Law, § 90). Section 73 of the Civil Rights Law is not applicable to this inquiry and investigation. Since petitioner based his refusal to answer on invalid grounds, he was properly found guilty of contempt (*People* v. *Berson,* 308 N. Y. 918). A person is not absolved of willful wrongdoing because he relied on his attorney's advice (*People* v. *Marcus,* 261 N. Y. 268) or on his own belief as to the law. Here the intent to defy the dignity and authority of the court on invalid grounds is clear (see, e.g., *Matter of Berkon* v. *Mahoney,* 268 App. Div. 825, affd. 294 N. Y. 828; *People* v. *Berson, supra*). The papers and records shall be sealed and deemed private and confidential, and no one shall have access to them without further order of this court or of the additional Special Term. Present — Wenzel, Acting P. J., Beldock, Murphy, Ughetta and Kleinfeld, JJ.