Thomas Dickens, J.
This formal motion has for its end the issuance of an order requiring the District Attorney to return to petitioner, Remy Sportswear, Inc., certain of its records and commercial personal property now in his official custody.
Petitioner charges that possession thereof was originally taken by an investigator and an accompanying detective of the District Attorney’s staff under peremptory pressure of their official authority, and that this happened at the time when they had appeared at petitioner’s place of business to serve the “ forthwith ” subpoena duces tecum in question on petitioner *408 for its appearance by one of its officers before the Grand Jury in a'pending John Doe investigation.
The District Attorney categorically disputes this charge, and maintains that the property was willingly turned over.
The testimonial hearing at my direction has factually produced a diametrical conflict of opposing testimony. Nevertheless, weighing and sifting the pros and the cons, I am constrained to hold, and so do now hold, that the weight of the credible evidence preponderates in favor of petitioner’s side of the factual issue.
This finding on the facts should ordinarily bring this litigation to a close, right here. However, the District Attorney, in his brief, urges, in effect, the legal point that inasmuch as the eventual surrender of the property by petitioner’s officers to his process servers was a voluntary act upon advice of counsel, such act of surrender forms an insuperable obstacle to any affirmative relief as a matter of law.
The facts dealing with this issue of voluntary surrender in the light of the evidence found in petitioner’s favor, are briefly these: When the process servers threatened to take forcible possession of the property involved unless released willingly, with the admonition that defiance of the ‘ forthwith ’ ’ command directly in the subpoena, which, they explained, meant right then and there, would be an act in contempt of the process of the court, calling for the consequence of a likely fine or imprisonment or of both, petitioner’s officers proceeded to telephone the attorney who represented the general industry, for advice. When he was told what the process servers had said, the attorney advised them to comply, pointing out that they had no alternative in the face of their threatened position. Thereupon came the surrender.
Concisely stated, the legal question to be resolved therefrom is: Does such eventual surrender in the circumstances of this case tend as a matter of law to nullify the factual finding in petitioner’s favor? For enlightenment, I turn to statutes and authorities to learn how they stand for aid to the solution of the problem.
The Code of Criminal Procedure, which fundamentally establishes the practice in all criminal cases (Penal Law, § 41; People v. Gersewitz, 294 N. Y. 163, 167; People v. Wursler, 184 Misc. 224; People v. Scott, 3 N Y 2d 148, 153) is the source for the statutory rule that a subpoena is employed for the attendance of a witness before a court or a magistrate. (Code Crim. Pro., §§ 607, 613.) (See, also, generally, Civ. Prac. Act, §§ 403, 404; Ballentine, Law Dictionary [2d ed.], p. 1244; Dishaw v. Wad *409 leigh, 15 App. Div. 205, 211; Lowther v. Lowther, 115 App. Div. 307.) (Emphasis supplied.)
Section 610 of the Code of Criminal Procedure empowers the District Attorney to issue such mesne process for the appearance of a witness at a trial in support of the prosecution of an indictment, and section 609, for the appearance of a witness at an investigation by a grand jury. The latter provision furnishes the District Attorney with the sole and exclusive means for the appearance of a witness before a grand jury. (Matter of Mullen, 177 Misc. 734; Matter of Bernoff v. Amoroso, 188 Misc. 845, affd. 271 App. Div. 925.) (Emphasis supplied.)
It is not, however, a process without legal restriction. Illustrative of a pertinent instance of restriction, is the judicial ruling that a subpoena cannot serve for an inquisitorial purpose. (Matter of Saratoga Harness Racing Assn. v. Monaghan, 9 Misc 2d 868; cf. Matter of Ebbets, 155 Misc. 870, 874; Franklin v. Judson, 96 App. Div. 607; People ex rel. Laird v. Hannan, 92 Hun 476; Matter of Ellis, 176 Misc. 887.) Although inquisitorial power is directly vested in the grand jury, yet when a subpoena is issued by the District Attorney for one’s appearance before the grand jury, it may be attacked as issued in bad faith or as invalid for some other reason, in spite of the direct inquisitorial power vested in the grand jury. (Matter of Manning v. Valente, 272 App. Div. 358, affd. 297 N. Y. 681.)
The word “ forthwith,” when incorporated in a subpoena with respect to time for appearance (but a word of command strongly deplored for its unauthorized use in a subpoena duces tecum in (Matter of Atlas Lathing Corp. v. Bennett, 176 Misc. 959), is interpreted to mean, ‘ ‘ With all reasonable diligence and dispatch * * * Within a reasonable time. ” (Ballentine, Law Dictionary, p. 522; see, also, Matter of Spector v. Allen, 281 N. Y. 251, 259; People ex rel. Slaight v. Potter, 43 Hun. 638, opinion in 6 N. Y. S. Rep. 753.)
Service of a subpoena must be applied in accordance with the spirit and the intent of the statute. (Matter of Atlas, supra; Assets Collecting Co. v. Myers, 167 App. Div. 133; Kashdan v. Wither Realty Co., 197 App. Div. 659, 661; People v. Carver, 172 Misc. 820.) State laws must be observed and adhered to (People ex rel. Brown v. Board of Supervisors of Suffolk County, 216 N. Y. 732, 733; Dishaw v. Wadleigh, 15 App. Div. 205, supra), including forms of procedure (People v. Scott, 3 N Y 2d 148, 153, supra; People v. Wurder, 184 Misc. 224, supra) and the formalities of the law. (Ballentine, Law Dictionary, pp. 520-521.) No one is above the laws. (Ballentine, Law Dictionary, p. 862; People v. Bennett, 37 N. Y. 117, 124.)
*410 Finally, a witness is one from whom testimony is adduced and used in a judicial proceeding. More broadly put, a witness is one who gives evidence in a cause before a court, one who attests or swears to facts or gives or bears testimony under oath. (People v. Kendricks, 190 Misc. 1058, 1061, affd. 273 App. Div. 998, affd. 300 N. Y. 544.)
With this general introductory review of the law bearing on the subject matter of subpoenas to pave the way, I shall now undertake to consider the law in its application to an instance, such as here, where, following counsel’s advice, one surrenders property in response to a “ forthwith ” command contained in a subpoena duces tecum, particularly while under stress induced by mental fear of official authority, and to determine its legal effect.
For a start, I note that a subpoena is the medium for compelling the attendance of a witness. (Ackermann v. Berriman, 61 Misc. 165, 170; Matter of Smith, 175 Misc. 688.) It is a process (Code Grim. Pro., § 607) in the name of the court, or judge, carrying with it a command dignified by the sanction of the law. (Schwartz v. Shapiro, 91 N. Y. S. 2d 771, 773; see, also, Gorr v. Village of Port Jervis, 57 App. Div. 122, 124.) Disobedience thereof may be punishable as and for a contempt. (Code Grim. Pro., §§ 618-a, 619; Civ. Prac. Act, § 405; Judiciary Law, § 750 et seq.; see, also, Matter of Manning v. Valente, 272 App. Div. 358, supra; Matter of Mullen, 177 Misc. 734, supra.)
The propriety of a subpoena is for the court to determine, not for the person served, and regardless of his being miscognizant of the law, a person who takes it upon himself to abide or not to abide the command of a subpoena, does so at the pain of suffering the hazardous consequence of a contemner, if wrong in disobeying. (People ex rel. Springs v. Reid, 139 App. Div. 551; cf. Matter of Cost, 198 Misc. 782, affd. 277 App. Div. 1049, affd. 304 N. Y. 800:) Even the advice of counsel is no excuse for a wrongful disobedience. (People ex rel. Springs v. Reid, supra; cf. Spohrer v. Cohen, 3 Misc 2d 248.) The feasible way to test the validity of a subpoena, is by a preliminary motion to quash it. (Matter of Slipyan, 208 Misc. 515, appeal dismissed 286 App. Div. 1091.)
It follows from this discussion that legal advice to stay on the right side of the law, like that given in the case at bar, is the proper kind of advice when “ ‘ it is steadfastly to be borne in mind that the trust of the lawyer is to be performed within and not without the bounds of the law ’ ’ ’ (Matter of Anonymous, 274 App. Div. 89, 90), although absolute certainty of advice on *411 the law is not always possible. (Gimbel v. Waldman, 193 Misc. 758, 761; Byrnes v. Palmer, 18 App. Div. 1, 4, affd. 160 N. Y. 699.)
Consequently a relinquishment of property in obedience to a “forthwith” subpoena duces tecum upon advice of counsel, particularly while under stress, comparable to the situation here, is not, in my opinion, an act of voluntary surrender. If anything, it amounts to no more than an act of amission (Ballentine, Law Dictionary, p. 76) stimulated by an unwillingness to chance the consequences of a disobedience of the mandate of the law.
Voluntary action is the result of a choice between possible lines of conduct,— a free decision to act one way or another. (People v. Fields, 174 Misc. 309, 312; see, also, Williams v. United States Mut. Ago. Assn. of N. Y., 82 Hun 268, 273.) An act done by me against my will is not my act. ’ ’ (Ballentine, Law Dictionary, p. 31.) Submission to a show of legal authority should not be construed to be a consent or a waiver of constitutional rights. (People v. Jakira, 118 Misc. 303.)
The proof to support a voluntary surrender must be clear and positive, must show no duress or coercion, actual or implied, and must be unequivocal and specific, and must be freely and intelligently given. (Judd v. United States, 190 F. 2d 649, cited in People v. Ward, 307 N. Y. 73, 78; see, also, 79 C. J. S., Searches and Seizures, § 34, p. 798; § 35, p. 799; cf. Michalowski v. Ey, 4 N Y 2d 277, 281.)
Hence, in the posture of this case, I am decisively satisfied that the act as one of amission, especially under stress, did not constitute a voluntary surrender or a consent as a matter of law. For this reason my finding factually still stands. Therefore, within the exercise of my discretionary power in such matter (Clyde v. Rogers, 87 N. Y. 625), I still hold that petitioner is entitled to an affirmative order. (Cf. Matter of Silfa v. Kennedy, 5 Misc 2d 375, affd. 3 A D 2d 813, affd. 3 N. Y. 2d 734.)
This adjudication on the merits makes needless for consideration the preliminary question raised whether the service of the subpoena on August 7, 1958, even though the subpoena was dated August 8, 1958, is a jurisdictional defect or merely an irregularity curable within the meaning of section 684 of the Code of Criminal Procedure.
Motion granted. Submit order.