Leo Brtowx, J.
This is a motion to quash a subpoena and for the return of all property taken from the offices of petitioner Panfel Merritt & Company.
On September 13,1972, apparently in connection with a Grand Jury investigation of petitioners Interfaith Hospital, Coleman Capital Corporation, and N. IT. G. B. O. (National Economic Growth & Beconstruction Organization), the District Attorney issued the subpoena in question directed to Panfel Merritt & Company, an accounting firm, requiring that all the records of their clients be “ turned over ” to the detective of the Queens District Attorney’s office “ forthwith ”. The subpoena was returnable before the Grand Jury at 3:30 p.m. of the same day. Beconstructing the events of that day from the averments in petitioner’s affidavit, and from the statements contained in a brief of the District Attorney, that office not having submitted any opposing affidavit, it appears: that the subpoena was served at 11 a.m. at which time the “ forthwith ” turnover was refused; that the District Attorney then obtained the court’s indorsement of the subpoena; that at approximately 3:30 p.m. a subpoena was again served; that even though the detective indicated that, unless the documents were turned over, persons refusing would be arrested, the attorney for Panfel Merritt & Company nonetheless refused to obey the subpoena and “ It was at this point that the files were taken and brought to Queens County wherein the next morning they were brought before a grand jury.”
The disposition of this motion requires a review of the applicable provisions of the CPL as well as the CPLB and the Judiciary Law. The CPL authorizes the District Attorney to issue a subpoena subscribed by himself for the purpose of compelling the attendance of a witness before the Grand Jury. (CPL 610.20.) The term subpoena includes a “ subpoena duces *912 tecum ”. (OPL 610.10.) In Matter of Remy Sportswear (16 Misc 2d 407, 409) the court stated: “Although inquisitorial power is directly vested in the grand jury, yet when a subpoena is issued by the District Attorney for one’s appearance before the grand jury, it may be attacked as issued in bad faith or as invalid for some other reason, in spite of the direct inquisitorial power vested in the grand jury. (Matter of Manning v. Valente, 272 App. Div. 358, affd. 297 N. Y. 681.) ”.
Thus, CPLR 2304 provides: “A motion to quash, fix conditions or modify a subpoena shall be made promptly in the court in which the subpoena is returnable. If the subpoena is not returnable in a court, a request to withdraw or modify the subpoena shall first be made to the person who issued it and a motion to quash, fix conditions or modify may thereafter be made in the supreme court. Reasonable conditions may be imposed upon the granting or denial of a motion to quash or modify.”
The central issue presented by this motion is whether the District Attorney, when faced with a refusal to turn over records pursuant to a “ forthwith ” subpoena, may seize the records. That question must be answered in the negative.
In Matter of Amalgamated Union, Local 224 v. Levine (31 Misc 2d 416, 417) Mr. Justice Meyer stated: “ it hás long been the law that property produced pursuant to subpoena duces tecum may not be retained by the person or body before whom produced, except by order of court, whether the matter be criminal (Matter of Atlas Lathing Corp. v. Bennett, 176 Misc. 959; Matter of Bendix Aviation Corp., 58 Supp. 953; Matter of Kelly, 19 F. R. D. 269; Hagan, Impounding and the Subpoena Duces Tecum, 26 Brooklyn D. Rev. 199) or civil (Matter of Randall, 87 App. Div. 245; Matter of Williams, 153 Misc. 682). A subpoena duces tecum confers no right to seize the property referred to in the subpoena (Matter of Atlas Lathing Corp. v. Bennett, supra; Matter of Saratoga Harness Racing Assn. v. Monaghan, 9 Misc 2d 868), nor is the relinquishment of property in obedience to a ‘ forthwith ’ subpoena duces tecum, even though on advice of counsel, a voluntary surrender (Matter of Remy Sportswear, 16 Misc 2d 407; People v. Jakira, 118 Misc. 303), nor, indeed, though delivery under a ‘ forthwith ’ subpoena be assumed to be a lawful means of obtaining possession, would such delivery justify continued retention (Matter of Atlas Lathing Corp. v. Bennett, supra). ‘ In fact, obedience to a subpoena duces tecum would be complete if the papers called for were presented to the Grand Jury at its session and taken away again *913 * * * at the end of the particular session.’ (Matter of Bendix Aviation Corp., supra, p. 954.) ”
The remedy of the District Attorney then is prescribed by CPLR 2308, which provides, inter alia, ‘ ‘ failure to comply with a subpoena issued by a[n] * * * officer of the court shall be punishable as a contempt of court.” In Matter of Remy Sportswear, 16 Misc 2d 407, 410, supra), the court stated: “ The propriety of a subpoena is for the court to determine, not for the person served, and regardless of his being miscognizant of the law, a person who takes it upon himself to abide or not to abide the command of a subpoena, does so at the pain of suffering the hazardous consequence of a contemnor, if wrong in disobeying. (People ex rel. Springs v. Reid, 139 App. Div. 551; cf. Matter of Cost, 198 Misc. 782, affd. 277 App. Div. 1049, affd. 304 N. Y. 800.) ” It should be noted at this juncture that, while the subpoena was indorsed by a Justice of the Supreme Court, this did not vest any greater authority in the server, nor is it equivalent to the issuance by the court of a warrant directing the commitment of the contemnor to jail. Contempt may be punished summarily only when committed in the immediate view and presence of the court. Otherwise, the party charged must be notified of the accusation in a reasonable time to prepare a defense. (Judiciary Law, §§ 750, subd. A, par. 3; 751, subd. 1; 753, subd. A, par. 5, and 757.) Moreover, the court’s indorsement of the subpoena did not serve to convert it into a search warrant. (Cf. Mancusi v. DeForte, 392 U. S. 364; see CPL 690.35.)
Accordingly, the motion is granted and the District Attorney is directed to return to Panfel Merritt & Company all the documents taken from its offices.