Frederic S. Berman J.
The court is called upon to decide defense counsel’s motion to have the complainant, two arresting officers, and the Assistant District Attorney (hereinafter referred to as "respondents”) adjudicated in contempt of court.
*939 The circumstances surrounding this application are as follows:
The two arresting officers and possibly the complainant were subpoenaed by Peter Davis, the Legal Aid counsel for defendant Raymond Matías, to appear at the scheduled felony hearing on Friday, October 8, 1976. There remains dispute between the parties as to whether the complainant ever received process. On the date set for the hearing and prior to the time the case was actually reached in the Criminal Court Part, the complainant and the police officers testified before the Grand Jury. When the case was finally called, the Assistant District Attorney informed the court that the Grand Jury had earlier that day voted a true bill against Raymond Matías and his codefendant, Frank Ortiz, for attempted robbery in the first degree and related crimes. He further stated the filing of the bill was being delayed pending determination as to whether defendants wished to testify before the Grand Jury. The transcript of that day’s proceedings clearly indicates that all three witnesses were available to testify at a preliminary hearing were it to be held, and would have done so at the court’s direction. Since Legal Aid counsel had requested that 18-B counsel (County Law, art 18-B) be appointed for the codefendant Ortiz, the court adjourned the case to Tuesday, October 12, the first working day after the Columbus Day holiday weekend. On this adjourned date, the Assistant District Attorney reported to the court that both defendants had been indicted.
The crux of Mr. Davis’ motion and supporting brief is that the subpoenas constitute a lawful mandate of the court, and failure of the three subpoenaed individuals to appear constitutes criminal contempt of court. The Assistant District Attorney is added as a respondent for allegedly "aiding, encouraging and causing the other respondents to disobey their subpoenas”.
This motion is brought under the purported authority of sections 750 and 753 of the Judiciary Law and CPLR 2308. However, the latter two cited sections are not applicable to proceedings in the Criminal Court. Section 753 of the Judiciary Law relates only to contempt of a court of civil jurisdiction. Likewise, CPLR 2308 is inapplicable to proceeding before this court (see CPLR 101).
Subdivision A of section 750 of the Judiciary Law grants all courts of record the power to punish for criminal contempt a *940 person guilty of certain enumerated acts. Defense counsel suggests that the respondents have variously committed the following acts of criminal contempt as specified in subdivisions 3, 4, and 5: willful disobedience of the court’s lawful mandate; resistance willfully offered to its lawful mandate; contumacious and unlawful refusal to be sworn as a witness.
At the outset, it must be noted that the respondents did not refuse to be sworn as witnesses since the felony hearing at which they were "called” was postponed in order to obtain counsel for codefendant Ortiz, and the court did not hear any testimony on that date. Before the adjourned date of the felony hearing, the defendants were indicted as hereinbefore stated, thus obviating the necessity of a felony hearing. The issue of whether the subpoenaed individuals had to appear and whether failure to do so constituted contempt of court is therefore moot.
However, this court finds it incumbent to examine and more fully discuss the tendency of defense counsel to subpoena witnesses for felony hearings and the concomitant problem of criminal contempt.
Where a defense-issued subpoena is indeed valid, it becomes a mandate of the court (General Construction Law, § 28-a). But any issue raised concerning the validity or propriety of a subpoena is to be left to the court to determine (Matter of Remy Sportswear, 16 Misc 2d 407, 410). For a contempt citation to be warranted, all elements, including validity of the subpoena and willful disobedience thereof, must be demonstrated beyond a reasonable doubt (People v McDaniel, 86 Misc 2d 1077; Yorktown Cent. School Dist. v Yorktown Congress of Teachers, 42 AD2d 422). It is the safer procedure in cases where the validity of a subpoena is in question to make a motion to quash, but failure to so move will not, as defense counsel contends, jeopardize the subpoenaed individual and make him liable for contempt as long as the elements of criminal contempt cannot be demonstrated beyond a reasonable doubt (Matter of Remy Sportswear, supra).
Defense counsel here relies upon CPL 610.20 (subd 3) as a basis for its contempt application. That section permits defense counsel in a criminal proceeding to issue a subpoena for the attendance in such court of any witness whom defendant is entitled to call and have testify in such proceeding. Therefore, for a subpoena to be valid, i.e., a lawful mandate of the court, defendant must be entitled by law to call that individ *941 ual. That is not here the case. CPL 180.60, which deals with hearings upon a felony complaint, only permits a defendant to testify in his own behalf. He cannot, as a matter of right, call witnesses. It is completely within the court’s discretion to permit defendant to call and examine witnesses.
A reading of the minutes of October 8, 1976, shows clearly that respondents did not "willfully” disobey or resist the authority of the court. The arresting officers and complainant were available to testify, and the Assistant District Attorney was ready to bring them into the courtroom for that purpose, had the court so directed. Arguendo that the defense-issued subpoenas were a lawful mandate of the court (see General Construction Law, § 28-a), no contempt on the part of respondents occurred.
Defense counsel attempts to draw a distinction between subpoenaing and calling witnesses. Such distinction is unwarranted in light of CPL 610.20 (subd 3). The defendant is not entitled to issue subpoenas in connection with a preliminary hearing. To permit otherwise would enable a defense counsel to issue unlimited subpoenas to persons who would, in the ordinary course of events, not be permitted to testify at preliminary hearings. Such procedure would constitute an improper use of court process and might subject individual witnesses to financial hardship and great inconvenience by requiring them to spend a day in court, where there is little or no likelihood that they would be permitted to testify.
Such activity would inevitably lead to an impression by these witnesses that they were being unnecessarily harassed and would discourage them from further appearances.
It seems to this court that in instances where a defendant wishes to call witnesses at a preliminary hearing, the better practice would be for the defendant to use one or more of the following procedures:
(a) Make application for a court signed order pursuant to CPL 180.60 (subd 7) and 610.20 (subd 1) subpoenaing a witness in his behalf.
(b) Having obtained such order, to place the witness on "telephone alert.”
(c) Make application to the court after the People have completed their case, requesting a continuance until the following day in order for the defense to bring in witnesses.
Such procedure would avoid needless inconvenience and *942 expense for subpoenaed individuals and yet preserve a defendant’s right to call witnesses where warranted.
Based upon all the foregoing, defense counsel’s motion to have this court hold respondents in contempt is denied in all respects.