OPINION OF THE COURT
Alfred H. Kleiman, J.
The defendant was charged, by way of indictment, with the misdemeanor crime of violating subdivision 4 of section 352 of the General Business Law in that he failed to obey the command of a subpoena. The indictment specifically accused the defendant of failing to appear on August 31, 1979, at the office of the Attorney-General “without reasonable cause.”
Defendant was tried by jury and convicted. Prior to sentencing, the defendant moved to set aside the verdict of the jury, on the ground that this court had erred as a matter of law in its charge to the jury defining “reasonable cause.” (Exceptions were timely made and denied.) The motion, following oral argument, was denied. This opinion addresses itself to this court’s reasoning in denying the motion.
It was stipulated that defendant Norman Forsyth was served with a subpoena issued by the Attorney-General pursuant to article 23-A of the General Business Law (New York’s “Blue Sky” law) requiring his appearance at the office of the Attorney-General on August 31, 1979. It was *235 undisputed that defendant was aware that the purpose of the subpoena was to seek the defendant’s testimony in an investigation of securities fraud of which he was the prime suspect. Defendant had, pursuant to earlier subpoenas and upon adjourned dates requested by him, appeared at the office of the Attorney-General. Following his failure to appear on an adjourned date, the subpoena, which is the subject of this indictment, was served upon him.
The defendant testified that on August 31, 1979, he was working temporarily in Nevada. His excuse for absenting himself from New York was that he was in dire financial straits and needed the money to support his family.
He also stated that he had contacted an attorney by phone and the attorney agreed to try to obtain an adjournment for him. Subsequently, the attorney informed the defendant that the Attorney-General would not grant a further adjournment. The defendant maintained that from his conversation with the attorney he had been led to believe that his appearance on a later date would be excused. (The attorney witness denied any conversation with the defendant to that effect.)
Counsel for defendant argued in his summation that “reasonable cause” not to appear existed because defendant’s “overwhelming need for money” required him to be in Nevada on August 31 and by reason of his reliance upon the advice of an attorney that his failure to appear would be excused upon his appearance at a later date. The court charged the jury at length that neither “reliance on the assurance of counsel” nor “hardship,” if so found by the jury, is “reasonable cause” to disobey a subpoena. The defendant’s attorney excepted to these portions of the charge. His motion to set aside the verdict was principally addressed to these issues.
Subdivision 4 of section 352 of the General Business Law provides that a person who fails to respond to the Attorney-General’s subpoena “without reasonable cause *** shall be guilty of a misdemeanor.” (Emphasis added.)
Normally, noncompliance with a court-ordered subpoena is punishable by contempt. (Matter of Manning v Valente, 272 App Div 358, affd 297 NY 681; Matter of Remy Sports *236 wear, 16 Misc 2d 407; see Judiciary Law, §§ 750, 753; Penal Law, §215.50; see, also, Dobbs, Remedies pp 93-105.) In this case, the subpoena was issued by the Attorney-General’s office, not the court. Whether it is by judicial or legislative fiat, however, the purpose of a subpoena is the same — to compel “attendance of witnesses so that their testimony may be obtained in aid of the functions of the Government”. (People v D’Amato, 12 AD2d 439, 443.) The provision of section 352, making noncompliance a misdemeanor, is therefore analogous to a contempt charge levied by a court. While there is no statutory or case law defining “reasonable cause” under section 352 of the General Business Law, a similar provision (General Business Law, § 343) was interpreted in People v D'Amato (supra). The court pointed out (p 443) that “[i]n providing generally that ‘good cause’ shall excuse noncompliance with the command of a subpoena *** the Legislature obviously had reference to any ground generally regarded in law as a valid excuse for a witness’ nonappearance.”
It is well settled that disobedience of a subpoena is not excused by reliance on advice of counsel. (Matter of Butterly & Green v Lomenzo, 36 NY2d 250, 256; Gardner v People, 62 NY 299, 303; People v D'Amato, supra, at pp 443-444; Matter of M. v Arkwright, 5 AD2d 790, 791; People ex rel. Springs v Reid, 139 App Div 551, 556; Matter of Remy Sportswear, 16 Misc 2d 407, 410, supra.) As stated in People ex rel. Springs v Reid (supra, at p 556), “[i]n taking the advice of counsel, if he was advised as he states *** he took the responsibility of an adverse decision” and its consequences. This rule of law, with which this jury was charged, “rests on the sound public policy that each individual, by himself, shoulders the responsibility for obeying the law [and], would be rendered meaningless if one could excuse his derelictions by simply asserting his reliance on others.” (Matter of Butterly & Green v Lomenzo, supra, at pp 256-257.)
It is also equally well settled that a plea of hardship will not excuse the failure to comply with a subpoena’s command. Ketchum v Edwards (153 NY 534, 539) states the New York rule that “[t]he interest in maintaining respect for the action of courts, and of orderly jurisprudence, for *237 bids that [witnesses] should be permitted, under plea of hardship or injustice, real or pretended, to nullify or set at nought orders or decrees, however improvidently made”. (Emphasis added.) For the reasons heretofore stated, the same rule is equally applicable to subpoenas issued by other governmental bodies under legislatively granted powers.
An impossibility defense has been recognized; that is, when the defendant has an actual, present inability to perform. (United States v Asay, 634 F2d 655, 660; United States ex rel. Emanuel v Jaeger, 117 F2d 483, 488; United States v Swingline, Inc., 371 F Supp 37, 44-45.) Where the defendant is responsible for his inability to comply, no matter what the hardship, this defense is not available to him. (United States v Asay, supra; United States v Swingline, Inc., supra.) The cases indicate that even seemingly extreme circumstances will not release an individual from his duty to comply with a subpoena. Thus, religious “scruples” (People v Woodruff, 26 AD2d 236, 237-239, app dsmd 20 NY2d 879), possible damage to a business (Matter of Manning v Valente, 272 App Div 358, 363, supra), and even fear for one’s life or the life of one’s child (People v Clinton, 42 AD2d 815), were not considered sufficient defenses to a contempt charge. The defendant was obliged to obey the command of a subpoena “no matter how inconvenient such obedience might be”. (Matter of Manning v Valente, supra, at p 364; cf. United States v Bryan, 339 US 323, 330.)
Although the defendant offered evidence to explain his failure to appear, the jury was specifically instructed that in applying the law to the facts as they found them to be, the People had the ultimate burden of proving beyond a reasonable doubt that the defendant did not appear at the office of the Attorney-General pursuant to the subpoena without reasonable cause. (See People v D'Amato, 12 AD2d 439, 445, supra.)
For the above reasons the court is satisfied that defendant’s exceptions to the court’s charge are unsupported as a matter of law. Accordingly, the motion to set aside the verdict of the jury was denied.