### PRICE v. RYAN.

(Supreme Court, Appellate Division, First Department. June 29, 1904.)

1. PLEADINGS—BILL OF PARTICULARS.

Where, in an action to recover for plans for a building, defendant claims damages arising out of plaintiff erroneously specifying in all the papers connected with the plans that the property was situated 186 feet east of a certain street—necessitating the making of new plans, and causing a delay in the construction of the building—plaintiff is entitled to a bill of particulars stating in what papers, other than plans, plaintiff specified the location of defendant's property; specifying the names of the persons making the other surveys and plans; alleging for what period of time the construction of the building was delayed, and the amount lost in rents, and the names of the persons to whom defendant paid money claimed as damages, and the nature of the services rendered by them.

Appeal from Special Term, New York County.

Action by Josephine L. Price, as executrix of Bruce Price, deceased, against Cornelius J. Ryan, to recover for services by testator in preparing plans and specifications for a building at 142 West Forty-Second street, city of New York, in which defendant set up a counterclaim for damages, alleging that the testator willfully specified in all the papers and drawings connected with the plans that the property was situated 186 feet, instead of 185 feet 6½ inches, from a certain street—thereby attempting to deprive defendant of a strip of land, and making it necessary to procure other plans and surveys, causing a delay and a loss of rents—and that the testator was negligent in the preparation of the plans. From an order denying a motion for a bill of particulars, plaintiff appeals. Modified.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and LAUGHLIN, JJ.

Jacob Halstead, for appellant.
John J. Gleason, for respondent.

PER CURIAM. We think that the order appealed from should be modified by requiring the defendant to serve a bill of particulars to the counterclaim contained in the amended answer, so as to comply with the plaintiff's demand in the following respects: (1) In what papers, other than plans and specifications, the plaintiff specified that the defendant's property was 186 feet east of Broadway. (2) The names of the persons by whom the other surveys, plans, and specifications were made. (3) For what period of time the construction of defendant's building was delayed. (4) The amount which the defendant lost in rents and income. (5) The names of the persons to whom

the sum of $10,000 was paid by the defendant, and the nature, extent, and amount of the services rendered or material furnished therefor, and the names of the persons who performed such services or furnished such materials, and during what period of time such services were rendered. (6) The names of the other architects defendant was obliged to procure to make plans and specifications for said building, what work was performed by them, and what the defendant paid them for the same. (7) The names of the persons to whom the sum of three to five thousand dollars was paid by the defendant, and the nature, extent, and the amount of the services rendered or material furnished therefor, and the names of the persons who performed such services or furnished such materials, and during what period of time such services were rendered.

The order appealed from should be modified accordingly, and, as so modified, affirmed, without costs.