(79 Misc. Rep. 527.)

STEINMAN et al. v. CONLON.

(Supreme Court, Special Term, New York County. February, 1913.)

1. EXECUTION (§ 396*)—SUPPLEMENTARY PROCEEDINGS—PRODUCTION OF BOOKS AND PAPERS.

Upon examination in supplementary proceedings of a witness served with a subpœna duces tecum, he may be compelled to produce papers relating to the discovery of the property of the judgment debtor, to be inspected by the judgment creditor and be put in evidence.

[Ed. Note.—For other cases, see Execution, Cent. Dig. § 1148; Dec. Dig. § 396.*]

2. EXECUTION (§ 417*)—WHAT CONSTITUTES—REFUSAL TO PRODUCE PAPERS.

Where, on the examination of a witness in supplementary proceedings, his attorney, who was also attorney for the judgment debtor, produced

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the documents called for by the subpœna duces tecum, his refusal to permit them to be put in evidence, though directed so to do by referee, is a contempt of court.

[Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 1197–1200; Dec. Dig. § 417.*]

Action by Benjamin Steinman and Harry H. Meyers against Eva K. Conlon. Motion to punish attorney for contempt. Entry or order withheld to enable attorney to purge himself.

David Steckler, of New York City, for plaintiffs.
Henry A. Rubino, of New York City, for defendant.

GREENBAUM, J. This is a motion to punish an attorney for contempt of court. It appears that a witness had been duly served with a subpœna duces tecum to attend before a referee appointed by the court to conduct an examination in proceedings supplementary to execution and produce certain assignments by the judgment debtor of her dower rights, which the judgment creditor claims were made to hinder, delay, and defraud the creditors of the judgment debtor. The witness was asked whether he had produced the assignments called for by the subpœna duces tecum, to which he replied that he had and that they were in the possession of his attorney, who was also the attorney of the judgment debtor, and who was present at the examination. The assignments were produced by the attorney, and placed upon a table. The attorney for the judgment creditor then offered them in evidence, whereupon the attorney for the witness and judgment debtor snatched them from the table and refused to permit them to be marked in evidence, and persisted in refusing to have them thus marked, although directed by the referee to produce them for the purpose of having them marked in evidence.

The concrete question here presented is whether in an examination in proceedings supplementary to execution a witness may be compelled to produce papers or instruments which directly relate to a discovery of the property of the judgment debtor, and whether the judgment creditor is entitled to have such documents put in evidence and subjected to his inspection. The attorney for the witness and the judgment debtor for justification of his conduct relies upon the opinions in Franklin v. Judson, 96 App. Div. 607, 88 N. Y. Supp. 904, Franklin v. Judson, 99 App. Div. 323, 91 N. Y. Supp. 100, and First National Bank v. Gow, 139 App. Div. 584, 124 N. Y. Supp. 454, as authority for the proposition that a witness under examination in supplementary proceedings may be compelled to produce books and papers, but only for the purpose of enabling him to refresh his recollection, and that the judgment creditor has no right to their inspection. An examination of the cases cited gives color to the argument made in behalf of the attorney. It appears that in Matter of First National Bank v. Gow, supra, the court, referring to Franklin v. Judson, 99 App. Div. 323, 91 N. Y. Supp. 100, stated the rule to be that "authority to obtain an inspection of books and papers in such a proceeding has not been conferred." Section 2444 of the Code of Civil Procedure, which refers

to the examinations in proceedings supplementary to execution, provides inter alia:

"Either party may be examined as a witness in his own behalf, and may produce and examine other witnesses as upon the trial of an action."

It ordinarily would impress one that under this broad provision either party may compel a witness to produce books and papers "as upon a trial," with the right to offer such papers or books in evidence and the resultant right to their inspection. Such appears to have been the view taken in Matter of Sickle, 52 Hun, 527, 5 N. Y. Supp. 703, upon a motion to punish a witness for contempt, the court holding that the judgment creditor had the right to conduct "the examination of witnesses in his behalf as a plaintiff would have in the trial of a suit at law, including the right to compel the production of books and papers by subpœna duces tecum." And in Champlin v. Stoddart (N. Y.) 17 Wkly. Dig. 76, the General Term held:

"That it was for the court to determine whether the witness was justified in withholding the information for the reason assigned. The proper course was to submit the papers to the inspection of the court, and abide its decision as to their relevancy and materiality."

The cases of Matter of Sickle and Champlin v. Stoddart, supra, are cited in the Gow Case, supra, 139 App. Div. at page 585, 124 N. Y. Supp. at page 456. Commenting on the provision similar to that embodied in section 2444 of the Code, the Court of Appeals in Lathrop v. Clapp, 40 N. Y. 328, 331, 100 Am. Dec. 493, also cited in the Gow Case, supra, uses this significant language:

"And, if there is any force in language, the Legislature have intimated in clear and unmistakable terms this examination was not intended to be restricted as here claimed, but that the fullest scope was intended to ferret out fraudulent transfers of property."

In the light of the language of section 2444 of the Code and of the decisions just referred to and cited in the Gow Case and in the Franklin v. Judson Cases, supra, these cases had reference only to the right of inspection of books and papers in proceedings supplementary to execution, and did not touch upon or refer to the question of the right to offer in evidence such books, papers, or documents the materiality or relevancy of which was established. The right to an inspection of writings is quite distinct from the right to offer them in evidence, and it has been the unquestioned practice of attorneys in this jurisdiction in examinations in supplementary proceedings to put in evidence papers and documents in the possession of the judgment debtor and witnesses which are material to the discovery of property of the judgment debtor. In my opinion the judgment creditor was entitled to the admission in evidence of the two assignments of dower in question, and it only remains to consider whether the attorney by his unlawful interference with the proceedings was guilty of a contempt of court. The contempt of the attorney may be adjudged under subdivision 1 of section 753 of the Judiciary Law (Consol. Laws 1909, c. 30) for disobedience to a lawful mandate of the court or of a judge thereof or of an officer authorized to perform the duties of such judge, and under subdivision 4 of the same section, for an "unlawful interference with the

proceedings" of any hearing. The latter subdivision was considered in King v. Barnes, 113 N. Y. 476, 21 N. E. 182, which held:

"Any person who interferes with the process, control, or action of the court in a pending litigation, unlawfully and without authority, is guilty of a civil contempt, if his act defeats, impairs, impedes, or prejudices the rights or remedy of a party to such action or proceeding."

It may not be inappropriate to quote from the opinion in Stolts v. Tuska, 82 App. Div. 85, 81 N. Y. Supp. 641, where it is said:

"Attorneys who deliberately advise a client to resist or violate an order of the court should be visited with more severe punishment than the client."

It may be that the attorney in this case misinterpreted the opinions in the Judson and Gow Cases, and that he did not intend willfully or unlawfully to interfere with the orderly proceedings before the referee. My experience with the attorneys in other cases leads me to think that he may have acted as he did in the performance of what he mistakenly conceived to be his duty. I am therefore disposed to afford him an opportunity to purge himself of his contempt before determining the punishment to be imposed. For this purpose the court will withhold the entry of any order for one week from the date of service of notice of publication of this opinion upon the attorney, during which period he may be enabled to produce the transfers of dower before the referee for the purpose of having them introduced in evidence.

Ordered accordingly.