■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. MICHAEL W. GORDON, Respondent.— Appeal from an order of the County Court of Chemung County, entered May 1, 1974, which dismissed an indictment against Michael W. Gordon, by reason of the People's failure to proceed. The defendant, indicted for burglary and petit larceny, was arraigned on May 2, 1973 and, on his plea of not guilty, bail was set and defendant requested, *inter alia*, an identification hearing. It was not until October 5, 1973, however, that defendant made a motion for an identification hearing after notification by the court, in writing, that if the motion were not made, it would be deemed waived. The People were unable to proceed because the necessary witnesses were nonresidents of the State and requested that the identification (*Wade*) hearing be held in conjunction with the trial. The Trial Judge, on December 6, 1973, ordered the trial for January 28, 1974, with the *Wade* hearing immediately prior thereto. On December 26, 1973, the People sent the necessary papers, including the material witness order signed by Judge Monroe, to Paris Island, South Carolina, to insure the appearance of Marine Private Baldwin who was a necessary witness to the identification hearing. The other material witness was the mother of Private Baldwin, who resided in Arkansas. On January 22, 1974, the District Attorney forwarded a round trip bus ticket to Mrs. Baldwin. On January 29, 1974, the defendant and the District Attorney appeared in court at which time the District Attorney moved for a continuance because the necessary witness was hospitalized and unable to travel for 10 days or so. Defense counsel renewed the motion for a dismissal. On April 22, 1974, the County Judge granted the motion to dismiss. The court found that the actions of the District Attorney violated CPL 30.30, the defendant's motion

was granted, and the indictment was dismissed. CPL 30.30 provides that the People must be ready for trial within six months of the commencement of the criminal action in a felony case. Subdivision 4 of section 30.30 provides for certain exceptions to the six-month rule, including a reasonable period of delay resulting from other proceedings concerning the defendant including, but not limited to, pretrial motions appeals, etc. The District Attorney claims that the period from May to October, 1973, when the court was awaiting defense counsel motion papers for the requested *Wade* hearing, would toll the six-month period (CPL 30.30, subd. 4, par. [a]). In addition, he produced an affidavit of a doctor certifying the fact that the material witness was presently hospitalized and would be for a period of 10 days or so. Defendant's right to trial within six months of indictment as set by the statute (CPL art. 30) is not absolute and unyielding. The trial court held the exception (CPL 30.30, subd. 3, par. [b]) did not apply because the District Attorney was not ready for trial prior to the expiration of the specified period. With that contention this court cannot agree. The District Attorney was fully prepared for trial. The sole reason he was not ready on the date set by the trial court was the hospitalization of a witness necessary to the *Wade* hearing. While this court is cognizant of the great demands on Trial Judges in criminal courts, nevertheless, the dismissal of an indictment on anything other than its merits must be done with extreme caution. The instant case comes within the exception of CPL 30.30. The order should be reversed and remitted to County Court, Chemung County, for proceedings not inconsistent with this decision. Order reversed, on the law and the facts, and indictment reinstated. Herlihy, P. J., Greenblott, Sweeney, Kane and Larkin, JJ., concur.