■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES TESTA, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered June 7, 1973, convicting him of robbery in the first degree, grand larceny in the second degree and assault in the first degree (two counts), upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial ordered. No questions of fact have been raised or considered. Appellant was first arrested on May 7, 1969 on Federal racketeering charges—to wit, interference with commerce by threats or violence (US Code, tit 18, § 1951). Specifically, appellant was charged with having participated in an attempt to hijack a trailer on May 5, 1969. After the Federal Bureau of Investigation (F.B.I.) conducted a thorough investigation, the Federal charges against appellant were dismissed. Immediately thereafter, he was arrested and subsequently was indicted and prosecuted for the present charges. Before the trial, appellant's counsel moved to examine all of the written material compiled by the F.B.I. during its investigation and supplied by it to the prosecution. The Trial Justice directed the prosecution to turn over to appellant any exculpatory statements in the F.B.I. file which could be evidence at trial, but would not let

counsel read all of the F.B.I. records himself. Early in the trial, appellant's counsel moved for the production of specific F.B.I. material, i.e., statements of persons who had been brought to the attention of the F.B.I. by appellant and who would, allegedly, support his alibi. The trial court, without examining the material sought, agreed with the prosecutor that appellant's counsel was not entitled to such material. We disagree. The rule set down in *Brady v Maryland* (373 US 83, 87) is that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." (See, also, *Moore v Illinois,* 408 US 786.) The record reveals that, at the trial, the prosecution used the F.B.I. material which had been denied to appellant. This was patently unfair. Justice required that this material should have been made available to the defense (cf. *People v Rosario,* 9 NY2d 286), especially in view of the dismissal of the Federal charges following the F.B.I. investigation and in the absence of any claim of privilege. Moreover, where there is some basis in fact for believing that the prosecution may be in possession of evidence favorable and material to the defense, reliance by the court, as here, upon the discretion of the prosecutor to determine what is or is not to be disclosed to the defense is unwarranted (see *People v Bottom,* 76 Misc 2d 525). Rabin, Acting P. J., Hopkins, Christ, Brennan and Munder, JJ., concur.