■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v LOUIS JOHNSON, Respondent.—Appeal by the People from an order of the Supreme Court, Kings County, entered March 6, 1975, which granted defendant's motion to dismiss the indictment for lack of prosecution. Order reversed, on the law, motion denied, and indictment reinstated. Questions of fact have not been raised or considered. On appeal, the People contend that the indictment was improperly dismissed for lack of prosecution. We agree and so, implicitly, does defense counsel. Instead, defense counsel contends that, although defendant's motion is referred to in the order dismissing the indictment as one to dismiss "for lack of prosecution", the trial court intended to act pursuant to its inherent power to control its own calendar and in the interest of justice. However, where the trial court dismisses an indictment in furtherance of justice, "the court must set forth its reasons therefor upon the record" (CPL 210.40, subd 2). We find no such reasons set forth in the record; a search of the colloquy preceding the dismissal of the indictment reveals no basis upon which we can determine with certainty that the indictment was dismissed "in the interest of justice" rather than "for lack of prosecution". Thus, under the circumstances, and in spite of the trial court's inherent power to control its own calendar, we find that it improvidently exercised its discretionary power in dismissing the indictment. Latham, Acting P. J., Cohalan, Brennan, Munder and Shapiro, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOUIS POVEROMO, Appellant.—Judgment of the Supreme Court, Kings County, rendered August 6, 1974, affirmed (CPL 470.05, subd 1; *People v Crimmins,* 36 NY2d 230). Latham, Acting P. J., Cohalan, Brennan, Munder and Shapiro, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EUGENE RIGGIO, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered June 7, 1973, convicting him of robbery in the first degree, grand larceny in the second degree and assault in the first degree (two counts), upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial ordered. No questions of fact have been raised or considered. This court's decision in *People v Testa* (48 AD2d 691) is controlling and requires a reversal of the conviction. Latham, Acting P. J., Cohalan, Brennan, Munder and Shapiro, JJ., concur.