John J. Fromer, J.
The defendant was indicted on February 11, 1974 for criminal possession of a dangerous weapon as a felony and criminal possession of a controlled substance in the seventh degree. Motions for a bill of particulars and discovery were made and granted. Application was also made for a certificate to secure attendance of material witnesses *799 from without the State and a certificate was granted on May 16, 1975.
At the opening of the November 1975 Term of County Court, the defendant’s counsel was alerted to be prepared for trial. Because of the material witnesses to be produced from New Jersey the defense asked for a day certain for commencement of trial. Counsel was informed to be prepared to start the trial on Monday, November 24, 1975. The People were represented at all calendar calls and moved the case for trial.
On the day set for trial (Nov. 24, 1975) the parties appeared and a jury was selected. On Tuesday, November 25, 1975, the People proceeded with their first witness before lunch. After lunch, the People filed a special information with the court over defense counsel’s objections. The court reserved decision on the objection and proceeded with the People’s second witness.
The People presented a State Police gun expert whose testimony was brief and completed by 3:00 p.m. The People were not prepared to proceed further at that time because a key witness was not available. The witness was not under subpoena to appear but it was reported that this was not the reason he was not in court. Apparently, he had some difficulty with his automobile.
The court adjourned until 9:30 a.m. on Wednesday, the 26th of November, 1975. At that time, the court delivered a written decision allowing the late filing of the special information and arraigned the defendant thereon.
Since the People’s witness was still not in attendance, the court recessed to await his arrival. When he had not appeared by 11:30 a.m., the court, after being informed by the People that attempts were being made to find him, adjourned for lunch until 1:00 p.m., with instructions to the People to report to the court at that time.
At 1 o’clock, the court was again convened only for the People to report that the witness had not been heard from and that the People hoped to locate him, subpoena him, and produce him in court on Friday, since Thursday was Thanksgiving Day.
The defense strenuously objected and moved to dismiss the indictment in the interest of justice.
The totality of the circumstances demanded that the court do more than continue the delay. The People should not *800 subject defendants to such court proceedings. A criminal defendant is entitled to an orderly trial presented with reasonable dispatch. (People v Jayson, 31 AD2d 551.)
This is unusual in that the motion to dismiss in the interest of justice was made during the trial before the People’s case was concluded. CPL 290.10 (trial order of dismissal after close of the People’s case) has no application.
The People contend the court had no authority to entertain the motion, but the court holds that a motion to dismiss the indictment in the interest of justice (CPL 210.40) can be made at any time before sentencing. (CPL 210.20, subd 2 and CPL 255.20, subd 3.)
The People further contend the court must put the attorneys on notice of its intention to dismiss, to hold a hearing and then to state on the record the reasons for the court’s action. (People v Clayton, 41 AD2d 204.) Since all the facts upon which the court’s decision to dismiss occurred in the court during the pretrial and trial proceedings, the court finds it unnecessary to hold a hearing. The attorneys knew of the possible action the court could take and had ample opportunity to advocate their positions upon the record in open court. To require delay after notice to the People and to require a hearing under these circumstances would be inappropriate and in effect would add to the injustice sought to be redressed.
The "sensitive balancing” of the interests of the individual and the State, which such motions necessitate, required that further delay be avoided. The needs of society were not damaged unduly by this dismissal. The People’s proof to the point the trial was aborted had only shown the presence of a .22 caliber target pistol in the car. There was no ammunition and not even a clip for the gun in the car. The drug present was marijuana and it was a small quantity.
Although the defendant had a prior criminal record for a minor crime, he was a youth and his conduct in court indicated that he was below average in intelligence.
The court feels the interests of the People were not unduly prejudiced by the dismissal during trial, whereas the defense of this particular defendant would be prejudiced by further delay.
The court therefore dismissed the indictment and discharged the defendant in open court. The reasons were apparent from the oral arguments of counsel and statements of the *801 court. For the record, however, and to be sure the reasons are clear as required by CPL 210.40 (subd 2) the following are the reasons:
1. The defendant’s case was prejudiced by unreasonable delay in proceeding with the People’s proof.
2. The People had failed to subpoena important witnesses although they had ample time to do so.
3. Material witnesses for the defense produced with the aid of the court pursuant to CPL 640.10 would be required to travel back to New Jersey for the holiday and return to court thereafter.
4. The People were unable to assure the court that the missing witness could be produced on Friday with any certainty.
The defendant’s bail is exonerated.