◼  THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK LUGO, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered January 6, 1977, convicting him of criminal sale of a controlled substance in the first degree and criminal possession of a controlled substance in the first and third degrees, upon a jury verdict, and imposing sentence. Judgment reversed, on the law and as a matter of discretion in the interests of justice, and new trial ordered. The trial court properly denied defendant's motion to dismiss the indictment because of the 18-month delay between the alleged drug sale and the arrest. However, other errors require a reversal and a new trial. Defense counsel, in a demand for a bill of particulars, requested the prosecution to inform him of any statements that might have been made by the defendant and whether any tape recording of the alleged sale of cocaine had been made. The prosecutor denied the existence of either of such items. It was only during the hearing held on the defendant's *Townsend* motion (see *People v Townsend,* 38 AD2d 569) that defense counsel learned of the existence of a tape recording of conversations between the undercover officer and the codefendant prior to the sale, and of statements allegedly made by defendant during the drug transaction. The denial of the existence of such information, which was known to the prosecutor is improper (see *People v Testa,* 48 AD2d 691, affd 40 NY2d 1018). Furthermore, the conduct of counsel for both sides is not to be commended. Counsel often made improper, irrelevant and inflammatory remarks. Moreover, the trial court should have granted defendant's request for a *Wade* hearing with respect to his identification by the undercover officer. Although there appears to be evidence suggesting that the officer had a sufficient independent basis to support his identification of defendant, identification was a crucial issue with regard to the alibi defense and the circumstances revealed in this record indicate that a hearing should have been held. In view of the fact that the evidence of guilt presented was not overwhelming, we cannot say that the foregoing errors were harmless (cf. *People v Crimmins,* 36 NY2d 230). Latham, J. P., Gulotta, Margett and Hawkins, JJ., concur.