■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v LESTER LAMAR, WILLIAM LAMAR and OLIVER BROWN, Respondents.—Order unanimously reversed and indictment reinstated. Memorandum: Defendants were indicted for burglary in the third degree and grand larceny in the third degree on July 6, 1976. After a pretrial conference on September 8, 1976 the cases were set down for trial on December 6, 1976. Because circumstances made trial on December 6, 1976 impossible, the trial date was advanced to November 29, 1976 and both the District Attorney's office and defense counsel were duly notified of the change. At the call of the calendar on November 29, 1976 the Assistant District Attorney announced that he was not ready because, *inter alia,* it was necessary for a witness, a police officer, to go to Florida on police business. The Assistant District Attorney was nonetheless willing to proceed with the drawing of the jury and with a *Wade* suppression hearing which one of defense counsel had requested and which had not yet been held. The prosecutor stated he would take his chances on the availability of his witnesses and asked the court when it would be necessary to proceed to trial after the jury was selected. The court declined to give a specific date for commencement of the trial in chief or for the *Wade* hearing and, after inviting a motion to dismiss for failure to prosecute by defense counsel, granted the motion and dismissed the indictment pursuant to CPL 210.40. It does not appear that there had been delay on prior occasions attributable to the District Attorney and there was no showing of how the defendants would have been prejudiced by a short continuance after jury selection. We reverse and reinstate the indictment. Although the prosecutor was clearly remiss in not having prepared his case and subpoenaed the witnesses, it was, under the circumstances, an improvident exercise of discretion to dismiss the indictment without first giving some brief continuance after jury selection for completion of the *Wade* hearing and for the District Attorney to bring in his witnesses (see *People v Johnson,* 49 AD2d 928). The dismissal of an indictment "on anything other than its merits must be done with extreme caution" *(People v Gordon,* 47 AD2d 775, 776; see, also, *People v Belkota,* 50 AD2d 118). (Appeal from order of Niagara Supreme Court—dismiss indictment.) Present—Moule, J. P., Cardamone, Simons, Hancock, Jr., and Schnepp, JJ.

■ In the Matter of THOMAS M. FAHEY, Doing Business as CASTLE REST NURSING HOME, Appellant, v CHARLES J. HYNES, as Deputy Attorney-General of the State of New York, Respondent.—Order unanimously affirmed, without costs. *(Matter of Hynes v Moskowitz,* 44 NY2d 383; see, also, *Shapiro v United States,* 335 US 1, 32-35, reh den 335 US 836; *Matter of Cappetta,* 42 NY2d 1066, 1067; *Matter of Sigety v Hynes sub nom. Kent Nursing Home v Office of Special State Prosecutor,* 38 NY2d 260, 268, cert den 425 US 974.) (Appeal from order of Onondaga Supreme Court—quash subpoena.) Present—Cardamone, J. P., Simons, Hancock, Jr., Denman and Schnepp, JJ.