OPINION OF THE COURT
Memorandum.
Order affirmed.
Counsel for the defendant served a notice on the Police Department of Suffolk County on January 12,1981 that on January 15 he would move before the District Court for a judicial subpoena duces tecum for the personnel file of one of the department’s detectives. On January 15, the police did not appear before the lower court but counsel for defendant and the People argued for and against the oral motion for the subpoena and the motion was granted. When the parties appeared before the court for trial on January 20, the People informed the court that the police *737 department would not produce the material in question on the ground that it was privileged matter under the Civil Rights Law. After informing the People that this was not the proper procedure to use to quash a subpoena, and upon the representation by defendant’s counsel that he could not represent defendant without the material in question, the court dismissed the accusatory instrument.
Subdivision 1 of section 50-a of the Civil Rights Law provides that the personnel records of policemen are “considered confidential and not subject to inspection or review without the express written consent of such police officer * * * except as may be mandated by a lawful court order.” That section continues with the requirement that the court should review the request for the material and permit interested parties to be heard on the issue (subd 2). In the case at bar, notice was given to the police department and it chose not to respond to the argument on the motion before the court on January 15, 1981. Subdivision 3 of section 50-a provides that once the material is submitted to the court, the court shall review same and determine if the material submitted is relevant and material to defendant’s case and if so, it shall be presented to him. In the case at bar, the police department did not submit the information for the court’s inspection and therefore the People cannot be heard to complain of a violation of this subdivision.
Having found that the police department willfully failed to comply with a subpoena duces tecum properly issued, was the lower court correct in dismissing the accusatory instrument? We conclude that said court was correct.
The Criminal Procedure Law is silent as to the penalty for failure to honor a subpoena (see CPL art 610). The Criminal Procedure Law, does, however, contain sanctions for failure of a party to comply with an order of disclosure or discovery. It is the opinion of this court that a subpoena is a tool of disclosure and therefore the provisions of CPL article 240 should apply as well to the failure to honor a subpoena (see People v Harte, 99 Misc 2d 86). The remedy provided for in CPLR 2308 is not applicable or relevant to criminal proceedings (see Matter of Davis, 88 Misc 2d 938). CPL 240.70 (subd 1) provides that among the sanctions that a court may impose for the failure of a party to comply
*738 with discovery procedures, is the sanction of “any other appropriate action.” While there is support for the contention that such “other appropriate action” should not include dismissal of the accusatory instrument (Bellacosa, Practice Commentary, McKinney’s Cons Laws of NY, Book 11 A, Supp Pamphlet, 1972-1980, CPL 240.70, p 346), this sanction appears to be proper under the circumstances herein in view of the lack of any alternative sanctions for the court to impose.
The dismissal was also proper under CPL 170.40. In People v Trenkle (NYLJ, Jan. 13,1981, p 11, col 4) the court stated that a court has the right sua sponte to dismiss an information in the interest of justice but cautioned that “Notice should be given and a hearing held when it appears, as in the present case, that the facts upon which a dismissal might be predicated did not occur in court or are not within the court’s personal knowledge”. Obviously, where the facts underlying the reason for the dismissal are within the court’s personal knowledge there is no requirement for a hearing or for a notice on motion in writing to the People. In People v Wingard (33 NY2d 192) a dismissal was upheld where the prosecutor and the arresting officers failed to appear for trial. In People v Skrinski (84 Misc 2d 798) there was unreasonable delay by the People in presenting their proof and they failed to subpoena an important witness and the court sua sponte dismissed the accusatory instrument. Of direct relevance to the case at bar is the case of People v Singleton (42 NY2d 466) wherein the court ordered the People to disclose the name of the informer and the People declined to do so. The court dismissed the indictment on motion of the defendant. In speaking of the procedural aspect of the case, the court stated (pp 470-471): “When the prosecutor declined to comply with the direction of the court, defense counsel moved to dismiss the indictment in the interest of justice, and the trial court granted the motion. No contention was then made by the prosecutor that the motion was not in writing, or that he had not been given reasonable notice or an opportunity to be heard; nor did he request the formality of any further hearing. We perceive no aspect in which the procedural rights of the People were in any way prejudiced by the *739 sensible and wholly understandable manner in which the Trial Judge disposed of defendant’s motion to dismiss.” In the case at bar, no objection as to the lack of a motion in writing was made by the People. There was a hearing at which time the People argued the position taken now with regard to confidentiality and relevancy of the material sought. While the People did request an in camera hearing, the Civil Rights Law provides that such a hearing is held after the material is submitted to the court. Since the police failed to submit that material, the People were not entitled to such a hearing. We are therefore of the opinion that the dismissal could be sustained in the interest of justice.
Slifkin, J. P., Geiler and Di Paola, JJ., concur.