OPINION OF THE COURT
Alan D. Marrus, J.
Judicial subpoenas duces tecum for police records in the above-named cases have been submitted by the defendants ex parte for this court’s signature. The application for these subpoenas requires this court to consider its jurisdiction to issue such subpoenas, the propriety of issuing them ex parte, and the rights of crime victims and witnesses whose identities, addresses, and telephone numbers may be contained in the subpoenaed police records.
It appears that thousands of such subpoenas duces tecum for police records are served each year on the New York City Police Department. Most are issued by the New York City Criminal Court.
*230 The subpoenas submitted in the above-named cases are typical of the ones proffered to Criminal Court Judges in the all purpose parts virtually every day. They are form orders, with no supporting depositions, directing the police department to turn over to the defendants police arrest and complaint reports as well as radio transmissions and 911 tapes.
In two of the cases, People v Bolivar and People v Villalon, the defendants are charged with felonies. In People v Eaddy, the defendant is charged with a misdemeanor. None of the defendants is in jail, one having made bail, the other two having been paroled.
None of these cases is about to go to trial. Bolivar and Villalon, both involving felonies, cannot be tried in Criminal Court. They are pending in Criminal Court awaiting Grand Jury action or a determination by the District Attorney to reduce the charges. The third defendant, Eaddy, charged with a misdemeanor and who, therefore, can be tried in Criminal Court, requested an adjournment of his case to make motions.
In fact, the subpoenas in these cases have all been submitted for signature to this court within 30 days of the arraignment of each defendant. There can be no question, therefore, that the only reason to issue these subpoenas duces tecum for police records is so that the defendants can discover more information about the evidence against them.
Three questions are presented: (1) does this court have the power to issue subpoenas duces tecum for police records; (2) assuming the court has such power, should it be exercised ex parte; and (3) do crime victims and witnesses have a right to be protected from disclosure of their identities, addresses, and phone numbers when such subpoenas are issued?
This court does not have the power to issue subpoenas duces tecum for police records in the Bolivar and Villalon cases, both felony prosecutions; it does have the power to issue such a subpoena in the Eaddy case, a misdemeanor prosecution. The rules applicable to issuance of subpoenas duces tecum in behalf of a criminal defendant for the *231 records of a government agency are set forth in CPLR 2307 (CPL 610.20, subd 3).
Under the pertinent part of this provision, it is absolutely clear that a Criminal Court Judge cannot issue a subpoena for records in a felony case: “A subpoena duces tecum to be served upon a library, or a department or bureau of a municipal corporation or of the state, or an office thereof, requiring the production of any books, papers or other things, shall be issued by a justice of the supreme court in the district in which the book, paper or other thing is located or by a judge of the court in which an action for which it is required is triable.” (CPLR 2307, subd [a]; emphasis added.)
Since this court is not the Supreme Court in the district where the police records are located, nor does it have the power to try felony cases, it simply and unequivocally lacks jurisdiction to issue subpoenas in felony cases. This application for the subpoenas in People v Bolivar and People v Villalon must, therefore, be denied for lack of jurisdiction.
It is equally clear that this court does have the power to issue a subpoena duces tecum for police records in the Eaddy case. Since the charge in that case is a misdemeanor which may be tried in Criminal Court, CPLR 2307 (subd [a]) permits issuance of this subpoena. Should this subpoena, nevertheless, be issued ex parte?
CPLR 2307 (subd [a]) provides in pertinent part: “Unless the court orders otherwise, a motion for such subpoena shall be made on at least one day’s notice to the library, department, bureau or officer having custody of the book, document or other thing and the adverse party.” Under this rule, the defendant, by motion, should have notified both the police department and the district attorney at least one day before having submitted this subpoena to the court of his intent to do so. No such motion was served and no reason has been offered by the defendant why the notice requirement should be waived.
Since the defendant is seeking issuance of this subpoena for purposes of discovery, moreover, the court is entitled to hear argument on whether the Criminal Procedure Law’s discovery provisions in article 240 allow for such use of the *232 subpoena. There is a serious question as to whether subpoenas duces tecum may be used for discovery of police reports which do not constitute evidence admissible at a hearing or trial. (See CPL 610.25.)
At least one court has ruled that as between CPL article 240 (discovery) and 610.25 (subd 2) (subpoenas duces tecum), “the more specific and restrictive provisions contained in the discovery article, should control.” (People v Crean, 115 Misc 2d 526, 530.) Thus, this court declines to issue a subpoena duces tecum for discovery in a misdemeanor case ex parte. The defendant must give at least one day’s notice to the police department and District Attorney before the subpoena is submitted to the court and must make a satisfactory showing that he is subpoenaing evidence admissible at a hearing or trial.
Technical requirements of the law aside, the application by a criminal defendant to subpoena police records raises an issue of paramount concern — the right of a crime victim or witness to be free from harassment and intimidation from those charged with criminal activity. Crime victims and witnesses must endure countless interviews with the police and District Attorney as well as time away from their families and employment for court appearances. Just as our Constitution mandates that criminal defendants have a right to confront their accusers, common sense dictates that crime victims and witnesses have cause to fear for their safety when they must confront the accused.
The cases here illustrate graphically the basis for such anxiety. In Eaddy, a male defendant has been charged with sexual abuse of a woman on the subway by rubbing her buttocks. In Bolivar, the defendant is charged with striking a woman over the head with a loaded gun. In Villalon, the defendant is accused of taking flowers from a woman by holding a knife to her throat. Surely the victims of these alleged crimes and other civilian witnesses have grounds to be fearful.
In recognition of this widespread anxiety, the District Attorneys in New York City go to great lengths to protect the confidentiality of their witnesses’ addresses, telephone numbers, and, in some cases, identities. It has become *233 common practice, as in the cases here, not to disclose anything but the names of the complainants in the criminal complaint. Yet the police records sought to be subpoenaed here would undoubtedly contain such personal data.
One court has attempted to address this problem by ordering an in camera inspection of the police records so that the names, addresses and telephone numbers of crime victims and witnesses can be redacted. (People v Miranda, 115 Misc 2d 533). Given the volume of subpoenas submitted and the limited resources of the Criminal Court, such a procedure is simply not feasible. Nor can the New York City Police Department be expected to redact this information in all of the reports subpoenaed by this court.
The proper party to represent the rights of crime victims and witnesses in these matters is the District Attorney. The District Attorney can do this only if he is put on notice of an application for a subpoena duces tecum for police records.
Defendants and their counsel, moreover, have a right to discover the evidence against them so that they can intelligently prepare for trial and negotiate plea agreements. The proper procedure for this discovery is specified in CPL article 240. No showing has been made here that the defendant has even attempted to employ the discovery procedure., If there is dissatisfaction with this statutory procedure, legislative relief should be sought by those who are dissatisfied.
Criminal defendants have many rights guaranteed to them by the Constitution, statutes and case law. They do not have the right to gain access to police records containing personal information about crime victims and witnesses by the use of court-ordered subpoenas duces tecum issued ex parte.
For these reasons, the ex parte applications for subpoenas duces tecum in all three cases are denied.