OPINION OF THE COURT
John P. Callanan, Sr., J.
Defendant appeals from a judgment of conviction and sentence of the Village Court of the Village of Morrisville, Honorable Charlotte Clark, Village Justice, presiding. The appeal is from the conviction after jury trial of July 19, 1983, the order of Judge Clark deciding previously submitted and argued motions rendered on September 8, 1983, and the sentence imposed by Judge Clark on September 14, 1983. The conviction was of the unclassified misdemeanor of landlord failing to turn over deposits in violation of section 7-105 of the General Obligations Law, and the sentence appealed from was for nine months’ imprisonment. The order of September 8, 1983 in part disposed of motions which included a request for dismissal due to untimely bill of particulars and improper discovery response.
*852 The People proved that the defendant was president of Terra Domus Corp., which built a student housing project on the campus of Morrisville College in 1980 and 1981. Two former tenants of the project testified that they had each paid $100 to the corporation as a security deposit, that their apartments were not damaged, that they had paid their rent in full, that they did not receive a refund of their security deposits, nor did they receive notice, by registered or certified mail, that a receiver had been appointed in a foreclosure action and that their security deposits would be turned over to him. Their leases were not introduced into evidence. Francis Doherty testified that he had been appointed receiver by order of the Supreme Court granted April 7, 1982 in an action brought by Amsterdam Savings Bank against Terra Domus Corporation to foreclose a mortgage; a certified copy of this order was introduced in evidence and it makes no reference to security deposits. On April 26 he wrote to defendant informing him of the receivership and demanding all books and records and security deposits. He called defendant on the telephone about 10 days later, and defendant admitted receiving the letter and copy of the court order and said that he did not have the security deposits, as he had spent them.
Both of the tenants and Mr. Doherty admitted on cross-examination that they had seen considerable damage to the project, including broken furniture, windows, doors, walls, lawn damage and accumulated garbage. Mr. Doherty testified that every single entry was broken.
At the conclusion of the People’s case, defendant moved to dismiss for failure to prove a prima facie case under section 7-105 of the General Obligations Law, which motion was denied.
Defendant testified in his own behalf to the effect that he had collected security deposits of $100 from tenants totaling $13,900, that he had deposited them in the Terra Domus bank account, that he was not aware they were required to be put in individual accounts, and that all of the money was spent to repair damages which were at least double the amount of the security deposits. He also testified that there were no actual security deposits to send to Mr. Doherty as of April 26, 1982 and that he explained to *853 Mr. Doherty how and why they were spent. A blank form lease was also introduced in evidence as part of defendant’s case.
The jury found defendant guilty and the case was adjourned for a presentence report and sentence on September 14. On September 8 an order was granted denying defendant’s motions for dismissal due to untimely bill of particulars, improper discovery, lack of a speedy trial and improper prosecution. These motions had been argued on July 19 prior to the trial, and decision had been reserved.
The defendant alleges it was error to refuse his applications for service of a bill of particulars or to grant him an adjournment of the beginning of the trial and further that it was error not to grant his request for a trial order of dismissal at the conclusion of the People’s case.
Subdivision 1 of section 7-105 of the General Obligations Law requires a landlord who has received security deposits, after a receiver has been appointed in a foreclosure action, to turn the deposits over to the receiver within five days after the receiver shall have qualified, and to notify the tenants by registered or certified mail of such turning over and the name and address of the receiver. Subdivision 2 of section 7-105 relieves a landlord so turning over security deposits of further liability to the tenants, and also provides that the provisions of this section shall not apply if the agreement between the landlord and tenant is inconsistent. Subdivision 3 of the above section makes any failure to comply a misdemeanor.
Counsel did not cite and the court’s research does not disclose any reported case dealing with a criminal prosecution under section 7-105 of the General Obligations Law.
While the above statute does not expressly so state, it must apply only to security deposits on hand at the time of the qualification of the receiver. The Legislature could not have intended it to apply to all of the security deposits ever received by the landlord.
To construe the above section to require a landlord to turn over security deposits no longer in his possession or subject to his control would contravene section 15.10 of the Penal Law, which states: “The minimal requirement for *854 criminal liability is the performance by a person of conduct which includes a voluntary act or the omission to perform an act which he is physically capable of performing.”
In this case not only did the People fail to prove that defendant had any security deposits on hand at the time of appointment of the receiver, it affirmatively appears from the People’s evidence that defendant had previously spent the security deposits. While there was considerable controversy over whether they were spent lawfully in accordance with the leases, the fact remains that the defendant was not holding any security deposits at the time of the appointment of the receiver.
The requirement of notice to the tenants by registered or certified mail applies only when security deposits have been turned over. Its purpose is to enable the tenants to contact the receiver for return of their deposits.
Since the leases were not introduced into evidence, it could not be determined whether their provisions were inconsistent with the provisions of section 7-105 of the General Obligations Law.
While it appears that the defendant may have violated some of the provisions of section 7-103 of the General Obligations Law in that he failed to keep the security deposits in separate, interest-bearing accounts, and that he may or may not have converted some of the deposits, depending on the interpretation of the leases and the damages to the property and other defaults under the leases, he is not charged with violation of section 7-103. It is noted that section 7-103 does not have a provision similar to section 7-105 making violations a crime and that the complaining witness in this case is the receiver, not the tenants.
Since the People have failed to prove all of the elements of the crime charged, the judgment must be reversed and the information dismissed. It was error not to grant defendant’s motion for a trial order of dismissal at the end of the People’s case.
The defendant also alleges that the trial court erred in not dismissing the information on the basis of the People’s failure to timely provide a bill of particulars.
*855 The defendant made a demand for a bill of particulars as a part of his omnibus motion, returnable May 2,1983, and the bill was not served until July 18, 1983, the day before the trial had been scheduled to begin. Defendant moved to dismiss on this and other grounds. The defendant’s attorney wrote to Judge Clark on July 6 to the effect that the District Attorney’s letter of June 30 was not a proper response to his demand and that without it, he could not prepare for trial. He requested that she set a hearing to determine the propriety of the District Attorney’s response. Defendant’s attorney appeared before Judge Clark on July 13,1983 and stated he had not yet received the bill of particulars and would not be able to properly prepare for trial and should not be compelled to defend on the scheduled trial date of July 19,1983. At the July 13 appearance, the Judge determined that on July 19 defense counsel would be allowed to make whatever motions he deemed appropriate prior to the commencement of the trial. Defendant’s motion was argued briefly prior to the commencement of the trial on July 19 and decision was reserved. It was denied by written order on September 8.
Neither the defense counsel nor the District Attorney followed the procedure for discovery and bill of particulars set forth in CPL 200.95 and article 240 and the result in this case was to force the defendant to trial without opportunity for adequate preparation.
CPL 200.95 (subd 5) authorizes the court, when the prosecution has failed to comply with the requirements, to issue any order authorized by section 240.70 (subd 1) of that law. The latter section authorizes the court to grant a continuance or take any other appropriate action. “Other appropriate action” has been held to include dismissal of the information. (People v Szychulda, 113 Misc 2d 736.)
Once the request for a bill of particulars is made, the District Attorney is required by CPL 200.95 (subds 2, 4), to serve and file the bill of particulars or a written request refusal within 15 days or as soon thereafter as is practicable. Waiting for more than two months and until the eve of a previously scheduled trial is not timely under any circumstances. Even when the bill of particulars was submitted, it did not include the answer to that portion of para *856 graph 4d of the request in which defendant asked “whether or not it is alleged they [the security deposits] were in the possession of the defendant in April, 1982.” This is a key element in this case and was never responded to by the District Attorney. The requirements of the statute were not complied with, and the defendant was not provided with information necessary to enable him to prepare for trial.
Information was supplied by the District Attorney to the defense counsel on an informal basis, which does not sufficiently fulfill the People’s obligations to supply a formal bill of particulars.
At the very least, defendant was entitled to a continuance. To proceed to trial and subsequently deny the motion was error, requiring reversal of the conviction.
In light of the above determinations, it will be unnecessary to address the speedy trial question and the improper prosecution question in any greater degree than they have been disposed of above.
Defendant also complains that the sentence of nine months’ imprisonment was unduly harsh. The court agrees. The presentence report prepared by the Probation Department shows that defendant had no prior criminal record, that he and his family had an excellent reputation in the community, that he had a good work record, that he was active in his church, and that he was living with and supporting his wife and seven children. It also shows that he and two others had each invested $10,000 in the Terra Domus project and that in addition to losing his investment, the mortgage on his house is being foreclosed.
The crime charged was one of strict liability. No criminal intent was required to be proved, and none was proved. The defendant testified that he was not aware of the law requiring the security deposits to be put in separate accounts. Certainly this defendant poses no threat to the security of the community. The chances that he will repeat this crime or engage in other crimes are remote.
The defendant has already suffered greatly as a result of the failure of his business. To imprison him is also to deprive him of his job and force his family onto public *857 assistance. Under the circumstances, any sentence of imprisonment is excessive, and the sentence would be reversed even if the conviction had been affirmed.
Defendant also complains that the verdict was against the weight of the evidence and that objections to some of his testimony were improperly sustained. In view of the decision that the information should have been dismissed at the close of the People’s case, those issues have not been decided.
For the above reasons, the judgment is reversed on the law and in the interest of justice, and the information dismissed.