OPINION OF THE COURT
Harold Enten, J.
On June 17, 1985, five days after the defendant was arrested and charged on a felony complaint,[1] she applied for issuance of a subpoena duces tecum from this court, directing the Police Department to produce all official reports relating to her arrest.[2]
On June 26, 1985 the District Attorney served an order to show cause on the defendant seeking an order of this court quashing or refusing to sign the defendant’s subpoena duces tecum on the grounds that the court lacked requisite authority to issue such subpoena at this stage of the criminal action.
The issues in this case are whether this court has the authority to issue a subpoena on behalf of a defendant against *113 whom the only accusatory instrument pending is a felony complaint and, if the court has such authority, whether issuance of this subpoena is warranted at this time.
Under CPL 610.20 (3) and CPLR 2307 this court, sitting as a Supreme Court in the district where the required records are located, may issue a subpoena duces tecum on behalf of the defendant, for the production of this material. However, it is incumbent upon this court to determine whether the defendant’s use of the subpoena process at this stage of the proceeding is necessary or appropriate before it chooses to exercise this authority.
Traditionally, a judicial subpoena duces tecum is used as a device for compelling the attendance at trial of witnesses and items in the control of those witnesses, so that by reference to these items they may give testimony relevant to the matter under inquiry. (Franklin v Judson, 96 App Div 607; People v Price, 100 Misc 2d 372.) "The court issues its process when reasonably satisfied that the use the defendant intends to make of the witnesses and items at trial is material and relevant to the case”. (People v Coleman, 75 Misc 2d 1090, as cited in People v Hasson, 86 Misc 2d 781, 783.) The trial court, having knowledge of the details of the prosecution and the defense, is in the ideal position to assess the materiality and relevancy of the required materials to the proceedings and to determine whether the defendant’s 6th Amendment rights to confrontation and compulsory process take precedence over statutory privileges or constitutional rights asserted by third parties moving to quash the subpoena.
Recent legislative enactments, however, have provided for the expanded use of a subpoena duces tecum as a device to be used in conjunction with the discovery process. {See, CPL 240.20 [2].) When a subpoena is used as a tool of disclosure, " 'the more specific and restrictive provisions contained in the discovery article, should control.’ ” (See, People v Bolivar, 121 Misc 2d 229, 232; People v Crean, 115 Misc 2d 526, 530; People v Szychulda, 113 Misc 2d 736, 737, affd 57 NY2d 719.) CPL 240.20 delineates the items discoverable from the prosecutor and CPL 240.20 (2) provides for the defendant’s securing by subpoena any of these items not in the possession of the prosecutor. The necessity for issuing a subpoena for purposes of discovery would arise only after it has been determined that (a) the material is discoverable and (b) that the material is not in the possession of the prosecutor. Attempts to use the subpoena process as a tool for circumventing the discovery *114 process have been precluded by the courts (see, People v Simone, 92 Misc 2d 306, affd 71 AD2d 554; People v Hasson, supra; People v Cammilleri, 123 Misc 2d 851; People v Grosunor, 108 Misc 2d 932) on the basis that a party may not accomplish indirectly through the subpoena mechanism what he cannot accomplish directly through the discovery provisions of the CPL. (People v Norman, 76 Misc 2d 644, 649; People v Crean, supra.)
Discovery is permitted only where "an indictment, superior court information, prosecutor’s information, information or simplified information charging a misdemeanor is pending”. (CPL 240.20 [1].) The defendant herein is currently being held on a felony complaint, and no trial or hearing is scheduled. Therefore, the defendant is not entitled to discovery at this point in the proceedings. If the court were to issue a subpoena duces tecum on behalf of the defendant at this stage of the action, it would be sanctioning the circumvention of the rules of discovery in contravention of established procedural rules created to preserve orderly judicial process without jeopardizing the constitutional rights of the defendant.
The wisdom in delaying discovery until the filing of an accusatory instrument sufficient for prosecution purposes is manifest. "Frequently, the charges and the gravamen of a complaint are altered during the progress of a case from arraignment in criminal court to consideration by a Judge at a hearing, consideration by the Grand Jury, and eventual readiness for trial in the form of an indictment or an information. As such, the items initially requested by a demand on a felony complaint may no longer be relevant after indictment or conversion to a misdemeanor information. Neither the defendant nor the People should be locked into responses to a demand not framed in accordance with the finalized charges before a trial court.” (People v Webb, 105 Misc 2d 660, 661.)
The proper procedure for accomplishing the goals sought by this defendant is to wait until the appropriate instrument is pending. (See, CPL 240.20 [1].) At that time, the defendant may move for discovery under CPL article 240.
CPL 240.20 (2) places a good-faith duty upon the prosecution to obtain the requested material. Logic and practicality suggest that "the prosecutor must of necessity have a great deal of initial discretion over what is to be disclosed” (People v Bottom, 76 Misc 2d 525, 530). Courts have chosen "to rely on the integrity of the prosecutor and to assume that he will *115 discharge his obligations in accordance with his oath, with full realization that the ominous sanction for failing to disclose appropriate material will be the nullification of the proceedings held herein”. (People v Bennett, 75 Misc 2d 1040, 1048.)
However, if discovery demands reveal a factual basis for believing that the prosecution may be in possession of evidence favorable and material to the defense, which he retains and fails or refuses to surrender (see, People v Bottom, supra; People v Testa, 48 AD2d 691, 692), the defendant may move pursuant to CPL 240.40 for discovery upon court order. If the material sought is not in the possession of the District Attorney, a subpoena duces tecum may be issued by the court pursuant to CPL 610.20 and CPLR 2307 on the State agency having possession of the records. (See, CPL 240.20 [2].)
At this latter stage, the court would also be better equipped to decide whether the issuance of a subpoena is warranted and, if so, to determine upon an in camera inspection of the records whether the defendant is entitled to them, after weighing the rights and needs of the defendant against any possible threat to public safety. (See, People v Bolivar, supra; People v Sumpter, 75 Misc 2d 55.)
CONCLUSION
For all the reasons stated above, the court declines to exercise its authority to issue a subpoena duces tecum on behalf of the defendant at this stage of the proceeding. The complexities involved in assessing the relevance, materiality, timeliness and propriety of issuing a subpoena of this nature are best left to the discretion of the court deciding the discovery motion or the court which will ultimately try the case.

. Defendant is charged with the crimes of attempted murder in the second degree, Penal Law §§ 110.00, 125.25 (1), two counts of robbery in the first degree, Penal Law § 160.15 (1), (3), robbery in the second degree, Penal Law § 160.10 (1), two counts of assault in the first degree, Penal Law § 120.10 (1), (4) and criminal possession of a weapon in the fourth degree, Penal Law § 265.01 (2).

. Defendant seeks the arrest report, complaint report, complaint followup report, accident and aided report, arrest photo, OLBS arrest data elements, memo book entry of the arresting officer, lineup photos, copies of photo arrays used, 911 tape sprint record and any radio transmissions.