OPINION OF THE COURT
Walter J. Relihan, Jr., J.
This is the second of two CPLR article 78 petitions, in the nature of prohibition, brought by the District Attorney to enjoin a Town Justice from issuing broadcast subpoenas in successive criminal cases.
*416 In the first case, the Town Justice had insisted on conducting a preliminary hearing, lasting several hours, even though the court was advised at the outset that the People did not wish to prosecute the case, and would call no witnesses. The Assistant District Attorney, joined by counsel for defendants, requested that the felony complaints be dismissed and the defendants released. The request was ignored. During one stage of the bizarre proceeding which followed, the Justice indicated that she was conducting her own inquiry into matters relating to the assignment of cases to her court.
The following night the court reconvened to again consider the same case. In the interim, the Justice had issued a number of judicial subpoenas, sua sponte, directed to the District Attorney, the Assistant District Attorney who had attended the prior proceeding, the Town Clerk, her fellow Town Justice, and the Village Police Chief. There is no evidence to suggest that any of these parties would have been a competent witness regarding any of the charges.
Immediately thereafter, an order to show cause was issued by this court, temporarily enjoining the enforcement of the subpoenas until the matter could be reviewed. The following week indictments were obtained by the District Attorney which divested the Town Court of further jurisdiction. Hence, the District Attorney’s first CPLR article 78 petition was dismissed as moot.
Two weeks later the Town Justice again issued a swarm of judicial subpoenas in a second case involving noncriminal motor vehicle violations (following too closely, passing in a no-passing zone, etc.). The persons commanded to appear before the court included the District Attorney, the Assistant District Attorney assigned to the Town of Ulysses, the Sheriff of Tompkins County, the other Justice of the Town of Ulysses, the Chief of the Park Police for the Finger Lakes Region and the Zone Sergeant for Zone Three of Troop C of the State Police. Again, there was no showing that any of these persons were in any position to give testimony regarding the alleged violations of the Vehicle and Traffic Law.
This time, the Justice contends, the subpoenas were issued at the request of the defendant motorist. It strains credulity, given the scenario played out only two weeks before, to believe that the motorist, without provocation, would have been moved to compel the appearance and testimony of the District Attorney, the Sheriff and other officials who were not witnesses to the events described in the complaint.
*417 Assuming, arguendo, that the defendant sought the subpoenas, the court was obliged to consider the matter of relevance. Needless to say, a judicial command to lay aside all other business and to appear in court at a fixed time and place imposes obvious burdens. The personal, business and professional sacrifices which are made necessary by a subpoena are willingly borne when dutiful citizens understand that important interests of the community are at stake. However, the credibility of the entire judicial system would suffer should it become known that those required to appear could not possibly give relevant testimony but, nevertheless, are threatened with criminal punishment for any failure or refusal to appear.
None of the affidavits submitted in opposition to the second CPLR article 78 petition offer any evidence that any of the persons under subpoena would be competent to testify regarding the allegations that the motorist followed too closely or passed in a no-passing zone or committed any other violation described in the complaint.
The attorney’s affidavit, submitted on behalf of Justice Zimmerman, states that the Magistrate was obliged to issue the subpoenas to protect and preserve the defendant’s "right to confront his accuser”. It is not shown which of the parties subpoenaed would have been competent to give accusatory testimony against the defendant or, for that matter, exculpatory testimony in his behalf. The defendant’s own affidavit asserts that "each of the persons subpoenaed * * * has information necessary and important to the resolution of the issues in the case” without offering any hint of what information the affiant had in mind.
At oral argument, counsel for Justice Zimmerman argued that the petitioner, and the other officials under subpoena, could have appeared in Town Court and moved to quash the subpoenas. The Court of Appeals stated in Matter of Dondi v Jones (40 NY2d 8, 14): "Prohibition does not issue where the grievance can be redressed by ordinary proceedings at law or in equity * * * but, if the * * * motion * * * would be inadequate to prevent the harm and prohibition would furnish a more complete and efficacious remedy, it may be employed even though other methods of redress are technically available”. We proceed to examine that issue.
The evidence reveals a remarkable incomprehension of the limited role of an impartial Magistrate. In the first case, the Justice literally ousted the Assistant District Attorney as *418 representative of the People and proceeded to conduct her own line of inquiry. That arrogation of authority and responsibility, of course, injects the court into the organization and presentation of facts and instantly destroys the impartiality of the tribunal regarding the admissibility of evidence, and much else.
In the second case, the Justice failed to understand that the court may issue its process only when reasonably satisfied that the use the defendant intends to make of the witnesses at trial will be material and relevant (People v Ramirez, 129 Misc 2d 112, 113; People v Hasson, 86 Misc 2d 781, 783; People v Coleman, 75 Misc 2d 1090). In short, the defendant seeking a judicial subpoena must demonstrate a reasonable likelihood that the witness to be summoned will be competent to offer admissible testimony (Matter of Constantine v Leto, 157 AD2d 376, affd 77 NY2d 975). As noted above, the defendant’s affidavit utterly fails to satisfy that test.
The extraordinary writ of prohibition is available to enjoin a lower court from exceeding its authorized powers in a proceeding over which it has undoubted jurisdiction (Matter of Hogan v Court of Gen. Sessions, 296 NY 1, 8). Moreover, even though other and more conventional remedies may be available, the extraordinary writ may issue if its use would effect more complete and efficacious relief (Matter of Bondi v Jones, supra; La Rocca v Lane, 37 NY2d 575, 579-580, cert denied 424 US 968).
The circumstances here are compelling. The Magistrate has demonstrated a disturbing tendency to assume the role of a direct participant in criminal matters pending before the court. She has attempted to preempt the role of the District Attorney in the prosecution of cases on behalf of the People and has shown a willingness to summon witnesses on her own motion, thus injecting the court into the production of evidence without reference to counsel (Matter of Carroll v Gammerman, 193 AD2d 202 [1st Dept 1993]). She has authorrized the broadcast of subpoenas without any threshold showing of relevance.
This conduct, if not restrained, is likely to impose widespread and unnecessary burdens upon the citizenry, to obstruct the proper role of the District Attorney and, ultimately, to bring resentment and disrespect upon the courts.
The petition is granted.